[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15417
_____

D. C. Docket No. 8:13-cv-02136-SDM-AEP


JEFFREY STEIN, D.D.S., M.S.D., P.A.
et al.,

Plaintiff – Appellant,


versus


BUCCANEERS LIMITED PARTNERSHP,

Defendant – Appellee,


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 1, 2014)

Before MARTIN, Circuit Judge, and EATON,[*] Judge, and HINKLE,[**] District
Judge.

_____

[*] Honorable Richard K. Eaton, United States Court of International Trade Judge, sitting
by designation.
[**] Honorable Robert L. Hinkle, United States District Judge for the Northern District of
Florida, sitting by designation

HINKLE, District Judge:

This case presents the question whether a defendant may moot a class action through an unaccepted Federal Rule of Civil Procedure 68 offer of complete relief to the named plaintiffs—but not to class members—before the named plaintiffs move to certify the class. In the circumstances of this case, the answer is no. We join the majority of circuits that have addressed the issue.

## I. The Proceedings in the District Court

Six named plaintiffs filed this proposed class action in Florida state court against the defendant Buccaneers Limited Partnership ("BLP"). The complaint alleged that BLP sent unsolicited faxes to the named plaintiffs and more than 100,000 others, that the faxes advertised tickets to National Football League games involving the Tampa Bay Buccaneers, and that sending the unsolicited faxes violated the Telephone Consumer Protection Act, see 47 U.S.C. § 227(b)(1)(C), and its implementing regulations, see 47 C.F.R. § 64.1200 & 68.318(d) (2013).

The named plaintiffs sought to represent a nationwide class of recipients of the unsolicited faxes. The complaint demanded statutory damages of $500 per violation, trebled to $1,500 based on BLP's willfulness, and an injunction against further violations.

The plaintiffs served process on BLP on August 1, 2013. BLP removed the action to federal court on August 16. Three days later, on August 19, BLP served

2

on each named plaintiff an offer of judgment under Federal Rule of Civil Procedure 68.  The offer to the first named plaintiff, who alleged in the complaint that he had received three faxes, provided in full:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant, BUCCANEERS LIMITED PARTNERSHIP, hereby offers to allow Judgment to be entered against it in this action in the amount of $4,500.00 as well as all reasonable costs incurred to date by JEFFREY M. STEIN, D.D.S., M.S.D., P.A. to be decided by the Court, and an entry of a stipulated injunction enjoining the Defendant from any future violations of 47 U.S.C. §227, 47 C.F.R. 64.1200, and 47 C.F.R. 68.318(d).  The offer extended herein is intended to fully satisfy the individual claims of JEFFREY M. STEIN, D.D.S., M.S.D., P.A. made in this action or which could have been made in this action, and to the extent the offer extended does not do so, BUCCANEERS LIMITED PARTNERSHIP hereby offers to provide JEFFREY M. STEIN, D.D.S., M.S.D., P.A. with any other relief which is determined by the Court to be necessary to fully satisfy all of the individual claims of JEFFREY M. STEIN, D.D.S., M.S.D., P.A. in the action.  This offer of judgment is made for the purposes specified in Federal Rule of Civil Procedure 68, and is not to be construed as either an admission that Defendant, BUCCANEERS LIMITED PARTNERSHIP is liable in this action, or that the Plaintiff, JEFFREY M. STEIN, D.D.S., M.S.D., P.A., has suffered any damage.  This Offer of Judgment shall not be filed with the Court unless (a) accepted or (b) in a proceeding to determine costs.  The Plaintiff must serve written acceptance of this offer within fourteen (14) days, or this offer will be deemed rejected.

The offers to the other named plaintiffs were identical except for the names of the offerees and amounts of the offers; one was for $7,500, one was for $3,000, and three were for $1,500 each, based on the number of faxes the complaint alleged the offeree had received.

3

Two days later, on August 21, BLP moved to dismiss for lack of jurisdiction, asserting that the unaccepted Rule 68 offers rendered the case moot.

The motion stirred the plaintiffs to action. On August 22, the plaintiffs moved to certify a class. This was long before the deadline under the Local Rules for filing such a motion. On August 28, the district court denied the motion to certify, saying it was "terse" and "admittedly (in fact, purposefully) premature."

The Rule 68 offers set the deadline for acceptance as 14 days after service of the offers. The applicable counting rules, see Fed. R. Civ. P. 6, extended the deadline 3 days because the offers were served electronically, and further extended the deadline to the next business day. So the deadline for acceptance was September 9. The plaintiffs did not accept the offers, and the deadline passed.

On October 24, the district court entered an order concluding the action was indeed moot, granting the motion to dismiss, and directing the clerk to close the case. The named plaintiffs received no money, no injunction, and no judgment. They brought this appeal.

## II. **The Statutory Claim**

The Telephone Consumer Protection Act makes it illegal to send unsolicited faxes like those the plaintiffs allege BLP sent. See 47 U.S.C. § 227(b)(1)(C). The Act creates a private right of action in favor of anyone who receives such a fax. Id.

4

§ 227(c)(5).  The Act provides statutory damages of $500 for each violation, trebled to $1,500 for a violation that is willful.  Id.

Federal Rule of Civil Procedure 23 authorizes class actions when specific conditions are met.  The Telephone Consumer Protection Act does not explicitly address the application of Rule 23 to actions for statutory damages.  The plaintiffs assert, and we assume without deciding, that class members may recover statutory damages in a class action when the conditions of Rule 23 are met, so long, of course, as the case is not moot.  The only question presented on this appeal is whether BLP's Rule 68 offers rendered the case moot.

### III.  The Standard of Review

We review factual findings underlying a mootness decision for clear error. We review de novo the legal issue of whether, based on the facts, a case is moot. Here the facts are undisputed, so our review of the only matter at issue—the legal effect of the undisputed facts—is de novo.  See, e.g., Zinni v. ER Solutions, Inc., 692 F.3d 1162, 1166 (11th Cir. 2012).

### IV.  Mootness

A case is moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1245 (11th Cir. 2003) (quoting 31 Foster Children v. Bush, 329 F.3d 1255, 1263 (11th Cir. 2003)).  A plaintiff must have "a legally

cognizable interest in the outcome." Id. (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969); 31 Foster Children, 329 F.3d at 1263).  And this must be true from beginning to end, not just when the case is filed.

Here mootness turns on two issues of first impression in this circuit.  The first is whether an individual plaintiff's claim becomes moot when the plaintiff does not accept a Rule 68 offer of judgment that, if accepted, would provide all the relief the plaintiff seeks.  The second is whether, if the answer is yes and such offers are made to all the named plaintiffs in a proposed class action before they move to certify a class, the named plaintiffs may nonetheless go forward as class representatives.

### A.  *The Rule 68 Offers' Effect on the Named Plaintiffs' Claims*

We begin with the effect of an unaccepted Rule 68 offer on an individual plaintiff's claim.  Rule 68 provides: "An unaccepted offer is considered withdrawn, but it does not preclude a later offer.  Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs."  An unaccepted offer is admissible in a proceeding to determine costs because of Rule 68(d): "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  That is the whole point of Rule 68: a party who rejects an offer, litigates, and does not get a better result must pay the other side's costs.  A defendant who wishes to offer

6

complete relief need not invoke Rule 68; the defendant can simply offer complete relief, including the entry of judgment. See, e.g., Doyle v. Midland Credit Mgmt., Inc., 722 F.3d 78, 80–81 (2d Cir. 2013). BLP did not do that.

Giving controlling effect to an unaccepted Rule 68 offer—dismissing a case based on an unaccepted offer as was done here—is flatly inconsistent with the rule. When the deadline for accepting these offers passed, they were "considered withdrawn" and were "not admissible." See Fed. R. Civ. P. 68(b). The plaintiffs could no longer accept the offers or require the court to enter judgment. In short, the plaintiffs still had their claims, and BLP still had its defenses. BLP had not paid the plaintiffs, was not obligated to pay the plaintiffs, and had not been enjoined from sending out more faxes. The named plaintiffs' individual claims were not moot.

Four justices of the United States Supreme Court—the only four who have weighed in on this issue—have adopted precisely this analysis. In Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523 (2013), a collective action under the Fair Labor Standards Act, the parties stipulated that an unaccepted Rule 68 offer mooted the individual plaintiff's claim. The majority accepted the stipulation without addressing the issue. Id. at 1528-29. But Justice Kagan, writing for four dissenters, said this:

> That thrice-asserted view [that the defendant's offer mooted the plaintiff's individual claims] is wrong, wrong, and wrong again. We

7

made clear earlier this Term that "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." Chafin v. Chafin, 568 U.S. ——, ——, 133 S.Ct. 1017, 1023 (2012) (internal quotation marks omitted). "[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Ibid. (internal quotation marks omitted). By those measures, an unaccepted offer of judgment cannot moot a case. When a plaintiff rejects such an offer—however good the terms—her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief. An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect. As every first-year law student learns, the recipient's rejection of an offer "leaves the matter as if no offer had ever been made." Minneapolis & St. Louis R. Co. v. Columbus Rolling Mill, 119 U.S. 149, 151 (1886). Nothing in Rule 68 alters that basic principle; to the contrary, that rule specifies that "[a]n unaccepted offer is considered withdrawn." Fed. Rule Civ. Proc. 68(b). So assuming the case was live before—because the plaintiff had a stake and the court could grant relief—the litigation carries on, unmooted.

For this reason, Symczyk's individual claim was alive and well when the District Court dismissed her suit. Recall: Genesis made a settlement offer under Rule 68; Symczyk decided not to accept it; after 10 days [the rule now says 14], it expired and the suit went forward. Symczyk's individual stake in the lawsuit thus remained what it had always been, and ditto the court's capacity to grant her relief. After the offer lapsed, just as before, Symczyk possessed an unsatisfied claim, which the court could redress by awarding her damages. As long as that remained true, Symczyk's claim was not moot, and the District Court could not send her away empty-handed. So a friendly suggestion to the Third Circuit: Rethink your mootness-by-unaccepted-offer theory. And a note to all other courts of appeals: Don't try this at home.

Symczyk, 133 S. Ct. at 1533-34 (Kagan, J., dissenting).  BLP invites us to try this

at home.  We decline.

At least one circuit has explicitly adopted the position set out in the Symczyk dissent.  See Diaz v. First Am. Home Buyers Prot. Corp., 732 F.3d 948, 954-55 (9th Cir. 2013).   Before Symczyk, at least two other circuits took a different approach, holding that an unaccepted Rule 68 offer for full relief moots an individual claim.  See O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 575 (6th Cir. 2009); McCauley v. Trans Union, L.L.C., 402 F.3d 340 (2d Cir. 2005).  But even those decisions said a plaintiff's claims could not just be dismissed as was done here; the proper approach, the courts said, was to enter judgment for the plaintiff in the amount of the unaccepted offer.

We agree with the Symczyk dissent.  But even if we did not, we would be unable to affirm the dismissal of the plaintiffs' claims without the entry of judgment for the amount of the Rule 68 offers.

Our result draws further support from the terms BLP itself included in the offers of judgment.  Each offer said:

> This offer of judgment is made for the purposes specified in Federal Rule of Civil Procedure 68, and is not to be construed as either an admission that [BLP] is liable in this action, or that the [plaintiff to whom the offer is directed] has suffered any damage.  This Offer of Judgment shall not be filed with the Court unless (a) accepted or (b) in a proceeding to determine costs.  The Plaintiff must serve written acceptance of this offer within fourteen (14) days, or this offer will be deemed rejected.

So the offers made clear they would have no effect—would not even be filed— unless accepted or in a proceeding to determine costs.

9

Just two days after saying its offers "shall not be filed," BLP filed the offers. And despite having said that if not accepted the offers would be "deemed rejected," BLP now says, in effect, that the offers must be treated as having been accepted—as having obligated BLP to pay the offered amounts and to comply with an injunction that was never issued. The terms of the offers will not bear that construction.

Nor will the district court's order. The court did not enter a judgment for the named plaintiffs. The court did not issue an injunction. After the offers lapsed, and indeed after the district court entered its order dismissing the case, the legal relationship between BLP and the named plaintiffs was precisely the same as before the offers were made: the named plaintiffs had claims against BLP under the Telephone Consumer Protection Act; BLP retained all its defenses; no ruling had been made on the validity of the claims or defenses; and no judgment had been entered. BLP had not paid the plaintiffs, was not obligated to pay the plaintiffs, and had not been enjoined from sending out more faxes. The individual claims were not moot. The order dismissing this action must be reversed.

## B. *The Rule 68 Offers' Effect on the Class Claims*

There is also an alternative basis for this holding. Even if the individual claims are somehow deemed moot, the class claims remain live, and the named plaintiffs retain the ability to pursue them.

10

The law of the circuit begins with Zeidman v. J. Ray McDermott & Co., 651 F.2d 1030 (5th Cir. 1981). As a Fifth Circuit decision issued before October 1, 1981, the decision is binding precedent in the Eleventh Circuit. See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir.1981).

In Zeidman, a proposed class action, the named plaintiffs asserted securities claims for damages. After the plaintiffs moved to certify a class, the defendant tendered the full amount of the named plaintiffs' claims. The district court dismissed the case as moot without ruling on the class-certification motion. The court of appeals reversed. The court assumed without discussion that the defendant's tender mooted the named plaintiffs' individual claims. 651 F.2d at 1042. The case did not involve a rejected Rule 68 offer of judgment and thus does not impact our holding on that issue as set out in section IV.A. above.

The court said the issue was this: "should a purported but uncertified class action be dismissed for mootness upon tender to the named plaintiffs of their personal claims, despite the existence of a timely filed and diligently pursued pending motion for class certification?" Zeidman, 651 F.2d at 1041. The court held that the answer was no—that the case was not moot.

On the issue of the mootness of the class claims, Zeidman is different from our case in only one significant respect: in Zeidman, the plaintiffs moved to certify a class before the individual claims became moot, while here, the plaintiffs moved

11

to certify the class only <u>after</u> BLP served its Rule 68 offers. BLP says this changes the result.

We disagree.

First, it is plain that this case still presents a live controversy. The plaintiffs say BLP violated the Telephone Consumer Protection Act and that all class members are entitled to money damages; BLP denies it. In indistinguishable circumstances, <u>Zeidman</u> held the dispute was still live and said: "The case before us, therefore, rests not on whether there exists a live controversy, but on whether the district court has before it some plaintiff with a personal stake in that controversy." <u>Id.</u> at 1042. The same is true here.

Second, the Supreme Court has made clear, more than once, that the necessary personal stake in a live class-action controversy sometimes is present even when the named plaintiff's own individual claim has become moot.

An example is <u>Sosna v. Iowa</u>, 419 U.S. 393 (1975). There the named plaintiff challenged Iowa's durational residence requirement for divorces. After a three-judge district court upheld the Iowa provision on the merits, and while the case was pending on appeal to the Supreme Court, the named plaintiff's individual claim became moot on two grounds: she got a divorce in another state, and she had lived in Iowa long enough to satisfy the durational residence requirement.

12

The Supreme Court said the case could nonetheless go forward.  The Court said that upon certification, class members "acquired a legal status separate from the interest of [the named plaintiff]."  Id. at 399.  And the Court cited its prior decisions holding that disputes were not moot when they were "capable of repetition, yet evading review."  Id. at 399, 402.  Sosna squarely refutes any assertion that a class action is always moot just because the named plaintiff's claim is moot.

In Sosna the class was certified before the named plaintiff's claim became moot.  But the Court recognized that would not always be the case:

> There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to "relate back" to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.

Id. at 402 n.11 (emphasis added).

As this language makes clear, the Court's chronological focus was on two things: first, the time "before the district court can reasonably be expected to rule on a certification motion," and second, "the filing of the complaint."  A court cannot reasonably be expected "to rule on a certification motion" before the plaintiff can marshal the necessary facts and file a properly supported motion.  (Note that the Court said "a" certification motion, not "the" certification motion, as

one might have expected had the Court meant only a motion that already had been filed.) And if relation back is proper—that is, if the individual claims become moot before the court can reasonably be expected to rule on a certification motion—then relation back is to the "filing of the complaint," not to the filing of the certification motion. See id. The Sosna discussion is inconsistent with BLP's assertion that controlling weight should be given to the time of filing the motion to certify.

The recognition that a class-action may not be moot when individual claims become moot before certification was dictum in Sosna, but the Supreme Court soon made it a holding. In Gerstein v. Pugh, 420 U.S. 103 (1975), the named plaintiffs challenged a Florida procedure that allowed individuals charged with a crime to be detained for 30 days without a judicial determination of probable cause. The district court certified a class.

By the time the case reached the Supreme Court, the named plaintiffs were no longer in pretrial detention. But the Supreme Court said the case was not moot; the case was capable of repetition, yet evading review. The Court added: "It is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class." Id. at 111 n.11.

The record did not indicate whether the named plaintiffs were in detention when the district court certified the class. The Court said it did not matter. Of

14

special note here, the Court did not address at all the question whether the individual claims became moot before or after the plaintiffs moved to certify the class; the status of the case at that point plainly was not critical.  Gerstein, like Sosna, is inconsistent with BLP's assertion that controlling weight should be given to the status of the individual claims at the time of filing the motion to certify.

The Court addressed this issue again in Swisher v. Brady, 438 U.S. 204 (1977), a class action challenging Maryland's juvenile-court procedures.  The named plaintiffs' claims became moot before the district court certified a class.  But the Supreme Court held the case could go forward under Sosna's relation-back doctrine.  Under that doctrine, the class certification related back to the filing of the complaint.  Id. at 213-14 n.11.  Once again, the relation back was not to the date when the plaintiffs moved to certify a class.

The Court reached the same result in County of Riverside v. McLaughlin, 500 U.S. 44 (1991).  Like Gerstein, McLaughlin was a challenge to pretrial detention procedures.  The Court noted that the named plaintiffs' claims had become moot, but it rejected the assertion that they lacked standing or could not represent the class.  The Court explicitly addressed the temporal relationship of two events: the mooting of the individual claims and the certification order.  The Court paid no attention to the time of filing the motion to certify.  The Court said,

15

"That the class was not certified until after the named plaintiffs' claims had become moot does not deprive us of jurisdiction." Id. at 52.

The claims in Sosna, Gerstein, Swisher, and McLaughlin were capable of repetition, yet evading review, because the passage of time inevitably mooted claims of that kind. The same is not true of the claims at issue before us; these claims would have persisted until judgment but for any mooting effect of the Rule 68 offers of judgment. Zeidman squarely holds, though, that this does not matter. After noting this same distinction, Zeidman said: "we believe that the result should be no different when the defendants have the ability by tender to each named plaintiff effectively to prevent any plaintiff in the class from procuring a decision on class certification." Zeidman, 651 F.2d at 1050. The court added:

> [I]n those cases in which it is financially feasible to pay off successive named plaintiffs, the defendants would have the option to preclude a viable class action from ever reaching the certification stage. This result is precisely what the relation back doctrine of Sosna, Gerstein and Swisher condemns, and we see no difference when it is caused by the defendant's purposive acts rather than by the naturally transitory nature of the controversy.

Id. Zeidman is the law of the circuit on this issue.

There is nothing in the language of these decisions or in the analysis that produced them that suggests the relation-back doctrine turns on whether the named plaintiffs' individual claims become moot before or after the plaintiffs move to certify a class. Quite the contrary. As Sosna recognized, the legal status of class

16

members changes not when a motion to certify is filed but when a certification order is entered.  Sosna, 419 U.S. at 399.  The relation-back doctrine allows a named plaintiff whose individual claims are moot to represent class members not because the named plaintiff has moved to certify a class but because the named plaintiff will adequately present the class claims and unless the named plaintiff is allowed to do so the class claims will be capable of repetition, yet evading review.  And when, as here, the relation-back doctrine applies, certification relates back not to the filing of the motion to certify but "to the filing of the complaint."  See Sosna, 419 U.S. at 402 n.11; Swisher, 438 U.S. at 213-14 n.11.

Indeed, a motion to certify, without more, does nothing that is significant on this issue.  The motion indicates that the named plaintiff intends to represent a class if allowed to do so, but the complaint itself announces that same intent; the motion is not needed for that purpose.  A certification order confirms that the case will so proceed; a motion does not.  The assertion that a motion fundamentally changes the legal landscape—indeed, that it impacts the constitutional prerequisites to jurisdiction under Article III—makes no sense.

What matters is that the named plaintiff acts diligently to pursue the class claims.  This matters because it shows, or at least supports the assertion that, the named plaintiff has "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon

17

which the court so largely depends . . . ." Sosna, 419 U.S. at 411 (quoting Baker v. Carr, 369 U.S. 186, 204 (1962)). A named plaintiff who does not act diligently may not have what it takes to adequately present the issues. But to act diligently, a named plaintiff need not file a class-certification motion with the complaint or prematurely; it is enough that the named plaintiff diligently takes any necessary discovery, complies with any applicable local rules and scheduling orders, and acts without undue delay.

Here the named plaintiffs did not fail to act diligently. They had not yet moved to certify a class when BLP served its offers of judgment, but filing a motion to certify at that time would have been premature, as the district court explicitly recognized in denying the certification motion filed just three days after service of the Rule 68 offers. The named plaintiffs did not miss any deadlines. In sum, their receipt of offers of judgment does not, without more, disqualify them from going forward.

Most of the other circuits that have addressed this issue have reached this same result. In the Third, Fifth, Ninth, and Tenth Circuits, as now in the Eleventh, a Rule 68 offer of full relief to the named plaintiff does not moot a class action, even if the offer precedes a class-certification motion, so long as the named plaintiff has not failed to diligently pursue class certification. See Weiss v. Regal Collections, 385 F.3d 337 (3d Cir. 2004); Sandoz v. Cingular Wireless LLC, 553

18

F.3d 913 (5th Cir. 2008); Pitts v. Terrible Herbst, Inc., 653 F.3d 1081 (9th Cir. 2011); Lucero v. Bureau of Collection Recovery, Inc., 639 F.3d 1239 (10th Cir. 2011).

The view is not, however, unanimous.  BLP relies on Damasco v. Clearwire Corp., 662 F.3d 891 (7th Cir. 2011), the only circuit decision that would support affirmance in our case.  Damasco recognized that an offer of full relief to a named plaintiff before a class is certified does not always moot the case.  The court could hardly have held otherwise; the Supreme Court decisions cited above make this clear.  But Damasco said the critical issue is the timing of the class-certification motion.  Damasco said that if the offer to the named plaintiff is made before the plaintiff moves to certify a class, the named plaintiff cannot go forward.  At oral argument, BLP was unable to point to any other respect in which the filing of a certification motion, rather than the entry of a certification order, affects legal rights.

As set out above, giving controlling effect to the timing of the certification motion accords with neither the language nor the analysis of the Supreme Court's decisions.  It also would produce unacceptable results.  In a case of this kind, any knowledgeable named plaintiff would file a premature certification motion with the complaint, a practice we are told is now common in the Seventh Circuit.  See Falls v. Silver Cross Hosp. and Med. Ctrs., No. 13 C 695, 2013 WL 2338154 (N.D.

Ill. May 24, 2013). And even if a less knowledgeable plaintiff failed to do so, the likelihood is high that another named plaintiff would be found who would file the same action again, this time accompanied by a premature class-certification motion. In all events, the Damasco approach would produce unnecessary and premature certification motions in some cases and unnecessary gamesmanship in others. We join the majority of circuits and decline to follow Damasco.

Finally, we note that there is some tension between our analysis to this point and the Supreme Court's decision in Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523 (2013). Symczyk was a collective action under the Fair Labor Standards Act. In an FLSA action, unlike in a Rule 23 class action, a named plaintiff can represent others only when they affirmatively opt-in to the case. The parties stipulated, and the Court assumed without deciding, that an offer of complete relief to the named plaintiff mooted her individual claim. No other employee opted in. The Court held the entire action moot.

Symczyk creates no tension with our analysis of whether a Rule 68 offer moots an individual claim (as set out above in section IV.A.), because the Court assumed without deciding that the individual claim at issue in Symczyk was moot. Symczyk also creates no tension with our analysis of a named plaintiff's ability to represent a class when the plaintiff's individual claim becomes moot but claims of class members are capable of repetition, yet evading review. The Court

20

recognized—it did not question in the slightest—its decisions addressing that issue, including Sosna, Gerstein, and McLaughlin. Symczyk, 133 S. Ct. at 1531. The Court said those decisions did not apply in Symczyk because they apply only to class actions, not to FLSA collective actions. Id. at 1530 (holding, after noting that another line of class-action cases did not apply to FLSA actions, that the "line of cases [that] began with Sosna is similarly inapplicable here."). Indeed, throughout its opinion, the Court emphasized the difference between FLSA collective actions and class actions.

So far so good. But after noting that the Sosna line of cases did not apply to the FLSA collective action at all, the Court added a dictum that creates tension with one part of our analysis. The Court distinguished the Sosna line of cases, including Gerstein and McLaughlin, on another ground as well: the claims presented in those cases were "inherently transitory" because the passage of time inevitably mooted claims of that kind. Id. at 1530-31. The Court said that was not true of damages claims mooted only by settlement offers.

This creates tension with Zeidman, which explicitly addressed this very issue in a Rule 23 class action and held that a sufficient proffer of full relief, when it is feasible for a defendant to make successive proffers to all named plaintiffs who enter the fray, renders a case transitory within the meaning of the Sosna line of cases.

21

This tension is insufficient to change the clear law of the circuit.

First, as the Supreme Court repeatedly emphasized in Symczyk itself, FLSA actions and class actions are different.  Rule 23 gives a class representative a markedly different stature from an FLSA plaintiff; the Supreme Court might or might not follow Symczyk in a class action.  A Supreme Court dictum in a different setting rarely suffices to overturn a clear circuit holding on the precise question at issue.  See, e.g., Garrett v. Univ. of Ala. at Birmingham Bd. of Trs., 344 F.3d 1288, 1292 (11th Cir. 2003) ("While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point."); Florida League of Prof'l Lobbyists, Inc. v. Meggs, 87 F.3d 457, 462 (11th Cir.1996) ("[W]e are not at liberty to disregard binding case law that is so closely on point and has been only weakened, rather than directly overruled, by the Supreme Court.").

Second, applying the Symczyk dictum here would prove too much.  It would mean that a named plaintiff could not represent a class if the defendant sufficiently proffered full relief at any time before the class was certified, not just before the plaintiff filed a motion to certify.  Even BLP does not ask us to go that far.  Neither the district court in this case nor the Seventh Circuit in Damasco has suggested a case would be moot in that situation.  With the score on this issue in the circuits

running 6–0 in favor of applying <u>Sosna</u>, and with a clear circuit precedent placing us in the 6, we decline to change course based on the <u>Symczyk</u> dictum.

In sum, we hold that a defendant's unaccepted offer of full relief to the named plaintiffs, in circumstances like these, does not, without more, render the case moot.

## V.  Conclusion

We resolve this case based on alternative holdings.  First, a plaintiff's individual claim is not mooted by an unaccepted Rule 68 offer of judgment. Second, a proffer that moots a named plaintiff's individual claim does not moot a class action in circumstances like those presented here, even if the proffer comes before the plaintiff has moved to certify a class.  The district court's order dismissing the action is reversed.