[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13619

_____

D. C. Docket No. 9:12-cv-80577-KAM

BRIAN KEIM, on behalf of himself and all
others similarly situated,

                                                                Plaintiff – Appellant,

versus

ADF MIDATLANTIC, LLC; AMERICAN HUTS, INC.;
ADF PIZZA I, LLC; ADF PA, LLC,

                                                                Defendants – Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 1, 2014)

Before MARTIN, Circuit Judge, and EATON,[*] Judge, and HINKLE,[**] District
Judge.

_____

[*] Honorable Richard K. Eaton, United States Court of International Trade Judge, sitting
by designation.
[**] Honorable Robert L. Hinkle, United States District Judge for the Northern District of
Florida, sitting by designation

HINKLE, District Judge:

The district court dismissed this proposed class action as moot after the defendants served on the named plaintiff a Federal Rule of Civil Procedure 68 offer of judgment that the defendants say would have provided complete relief to the named plaintiff individually. The named plaintiff did not accept the offer.

We have today issued our opinion in Jeffrey Stein, D.D.S., M.S.D., P.A. v. Buccaneers Ltd. Partnership, __ F.3d __, No. 13-15417 (11th Cir. ____, 2014). There we held that a proposed class action like this one was not rendered moot by an unaccepted Federal Rule of Civil Procedure 68 offer of complete relief to the named plaintiffs, but not to class members. There, as here, the defendant served the Rule 68 offer before the class was certified and indeed before the named plaintiffs moved to certify the class. The decision is squarely on point and requires reversal of the district court's order dismissing this case.

Indeed, this case presents a weaker case for dismissal than Stein. Here, as in Stein, the complaint asserts a claim under the Telephone Consumer Protection Act. See 47 U.S.C. § 227(b)(1)(C). Here, as in Stein, the complaint demands $500 for each violation, trebled to $1,500 for willfulness. But in Stein, the defendant offered a sum certain to each named plaintiff. Here, in contrast, the defendants offered the named plaintiff $1,500 for each violation, that is, for each illegal text message he allegedly received, without specifying a number. The record does not

2

show how many messages the named plaintiff received.  So the named plaintiff's individual claim would not have been moot even had he accepted the Rule 68 offer; there was still work to be done to get the case to the finish line.

The defendants moved to dismiss the complaint on other grounds as well. The district court did not address those grounds, nor do we.  Because the Rule 68 offer mooted neither the named plaintiff's individual claim nor the class claims, the district court's order dismissing the case is reversed.