[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13138
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cv-62019-KAM


SCOTT BARR, DDS
on behalf of itself and others similarly situated,

Plaintiff-Appellant,

versus

THE HARVARD DRUG GROUP, LLC,
a Michigan corporation
d.b.a. Expert-Med,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 29, 2015)

Before JORDAN, KRAVITCH and BLACK, Circuit Judges.

PER CURIAM:

In this appeal, we must determine whether a putative class action becomes moot when a defendant offers a judgment in favor of the only named plaintiff and putative class representative and the plaintiff declines the offer.  Because this court recently answered this question in the negative, we reverse and remand the district court's dismissal of the plaintiff's complaint.

Scott Barr, DDS, filed a putative class action against The Harvard Drug Company, LLC (HDC) for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227.  Before Barr moved for class certification, HDC made an offer of judgment, *see* Fed.R.Civ.P. 68, for the maximum monetary damages for Barr's individual cause of action, an injunction to prevent future violations of the Act, and an entry of a judgment.  Barr did not accept the offer and instead moved for class certification.

Thereafter, HDC moved to dismiss the complaint as moot.  *See* Fed.R.Civ.P. 12(b)(1).  The district court found Barr's claims moot and dismissed the complaint for lack of subject-matter jurisdiction.

When reviewing a court's dismissal of a complaint as moot, we review factual findings for clear error and the legal issue *de novo*.  *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 701 (11th Cir. 2014).

Our recent decision in *Jeffrey Stein, D.D.S., M.S.D., P.A. v. Buccaneers Limited Partnership*, controls this appeal.[1]  772 F.3d at 704, 709.  In *Buccaneers Limited*, the named plaintiff received an offer of judgment under Rule 68 before the plaintiff moved for class certification.  The plaintiff then rejected the offer.  *Id.* at 700-01.  We held that the unaccepted offer of judgment under Rule 68 did not render the named plaintiff's complaint moot.  *Id.* at 704.

The facts in the instant case are the same in all relevant respects.  Accordingly, based on *Buccaneers Limited*, HDC's offer of judgment did not render Barr's complaint moot.  We therefore REVERSE the order of dismissal for lack of subject-matter jurisdiction and REMAND for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**

---

[1]  HDC argues that Barr waived any argument concerning mootness by not raising it in his opposition to the motion to dismiss.  We disagree because "we have an independent obligation to assure ourselves of the justiciability of a controversy under Article III."  *Doe v. Wooten*, 747 F.3d 1317, 1322 n.3 (11th Cir. 2014) (citation omitted).