[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13397
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-22649-MGC

ROBERT D. FLOYD,

Plaintiff-Appellant,

versus

SALLIE MAE, INC.,
JOHN DOE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 4, 2015)

Before MARTIN, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Robert D. Floyd appeals the district court's order granting Sallie Mae, Inc.'s motion to dismiss for lack of subject-matter jurisdiction. Floyd argues that the district court improperly found his case to be moot after he received and rejected an offer of judgment under Federal Rule of Civil Procedure 68. The district court based its finding on an offer that would have provided him complete relief on his individual claims while giving no relief to the putative class. Because the district court contravened our recent decision in Stein v. Buccaneers Limited Partnership, 772 F.3d 698 (11th Cir. 2014), we reverse.

When reviewing a dismissal of a complaint as moot, we review factual findings for clear error and the legal issue de novo. Id. at 701. In Stein, the named plaintiffs in a putative class action received offers of judgment under Rule 68 before moving for class certification. Id. at 700–01. The plaintiffs did not accept those offers. Id. at 701. This Court held that the unaccepted offers of judgment did not render the named plaintiffs' complaint moot. Id. at 704. Based on this precedent, we are bound to hold that Sallie Mae's offer of judgment did not render Floyd's complaint moot, and that the district court erred when it dismissed for lack of subject-matter jurisdiction.[1] See United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam) (holding that we must "follow a prior binding

---

[1] Sallie Mae implies as much in its February 11, 2015, filing in our Court.

2

precedent unless and until it is overruled by this court en banc or by the Supreme Court" (quotation marks omitted)).

Sallie Mae argues that Floyd waived his argument that an unaccepted Rule 68 offer of judgment cannot moot a plaintiff's claim because he "never presented it to the District Court." Our review of the record does not bear this out. In its order finding no subject-matter jurisdiction, the district court explicitly held that Floyd's claim was moot because the "Rule 68 Offer includes more than all of the relief Plaintiff could obtain at trial." Thus, the issue of whether Floyd's claim was moot was undoubtedly before the district court. "Once a federal claim is properly presented, a party can make any argument in support of that claim [on appeal]; parties are not limited to the precise arguments they made below." Yee v. City of Escondido, 503 U.S. 519, 534, 112 S. Ct. 1522, 1532 (1992). Floyd contested mootness before the district court, and he may continue to do so before our Court on appeal.

Finally, Sallie Mae asks us to affirm the district court on the merits under a summary-judgment standard, even though the district court dismissed this case for lack of subject-matter jurisdiction. But Sallie Mae never moved for summary judgment below and the district court never applied the summary-judgment standard. Thus, although we "may affirm a judgment on any legal ground," Cruz v. Cingular Wireless, LLC, 648 F.3d 1205, 1210 n.10 (11th Cir. 2011) (emphasis

3

added) (quotation omitted), we will let the district court decide whether summary judgment is appropriate before doing so in the first instance.

We reverse the order of dismissal for lack of subject-matter jurisdiction and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**