**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0796-18T2

HILTON APARTMENTS, LLC,

     Plaintiff-Respondent

v.

KATIE L. GOITEIN,

     Defendant-Appellant

and

KATIE L. GOITEIN, on behalf of
herself and all similarly situated
past and present tenants of
HILTON APARTMENTS, LLC,

     Third-Party Plaintiff/
     Cross-Respondent

v.

HILTON APARTMENTS, LLC,

     Third-Party Defendant/
     Cross-Appellant.

_____

Argued October 13, 2020 – Decided November 10, 2020

Before Judges Rothstadt and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1193-17.

Roger C. Martindell argued the cause for appellant/ cross-respondent (Roger C. Martindell, and Quainton Law, PLLC, attorneys; Roger C. Martindell and Eden P. Quainton, on the briefs).

Andrew J. Schragger argued the cause for respondent/cross-appellant.

PER CURIAM

Defendant/third-party plaintiff Katie L. Goitein, on behalf of herself and all similarly situated tenants of plaintiff/third-party defendant Hilton Apartments, LLC, appeals from a September 26, 2018 order denying her motion for reconsideration of a July 24, 2018 order and her cross-motion for attorney's fees and costs. The July 24, 2018 order granted summary judgment to plaintiff in the amount of $894.69, dismissed defendant's counterclaim and third-party complaint, and denied defendant's request to compel and extend discovery. Plaintiff cross-appeals from the same September 26, 2018 order denying its motion for attorney's fees and costs. We affirm the entry of summary judgment in favor of plaintiff on the issue of liability and dismissing defendant's counterclaim and third-party complaint. However, we remand for the judge to

enter an amended judgment as to the amount owed by defendant in accordance with this opinion.[1] We reverse and remand the order denying the parties' requests for attorneys' fees and costs.

This matter arises from defendant's automatic renewal of a written lease agreement (lease) on May 1, 2016 for rental of an apartment in a complex owned by plaintiff. In accordance with the renewal, the lease term ran until April 30, 2017. However, on August 25, 2016, defendant gave written notice to plaintiff that she was terminating the lease and vacating the apartment the next day.[2] Pursuant to the lease, defendant was required to provide two months' written notice to plaintiff of an intent to terminate the lease and vacate the apartment. On August 25, 2016, plaintiff sent a letter to defendant describing two options to resolve her early termination and breach of the lease. Defendant did not respond to plaintiff's letter.

In August 2016, plaintiff sought a new tenant to rent defendant's apartment. Plaintiff secured a new tenant, who entered into a written lease on

---

[1] Defendant paid the judgment amount in full. However, her payment was "subject to and conditioned upon the outcome of the pending appeal and/or any proceeding that may take place on remand from [her] appeal."

[2] According to plaintiff, defendant physically vacated the apartment on August 31, 2016.

October 12, 2016, and took possession of defendant's former apartment on October 26, 2016.

Plaintiff then pursued damages from defendant for breach of the lease, including lost rent,[3] costs associated with re-renting the apartment, and attorney's fees and costs. Plaintiff applied defendant's security deposit, $1,605.80, to the amount it claimed due and owing as a result of defendant's early termination and breach of the lease.

In addition to lost rent, plaintiff demanded defendant pay damages associated with her breach of the lease. Plaintiff's damages included the following expenses: painting, cleaning, installing a new lockset and toilet seat; labor costs associated with the work done to the apartment after defendant vacated; and an administrative fee. Plaintiff stated these additional damages, when coupled with the lost rent, totaled $3,629.54.

When defendant failed to pay the amount demanded, plaintiff filed a lawsuit in the Special Civil Part.[4] In response, defendant filed an answer,

---

[3] Plaintiff calculated lost rent in the amount of $2,256 ($1,128 for the months of September and October).

[4] In the Special Civil Part complaint, plaintiff demanded the sum of $3,945.25, excluding attorney's fees, filing fee, and service fee.

counterclaim, and third-party complaint. In her pleadings, defendant focused on plaintiff's enforcement of Paragraph 13 of the lease, which she claimed was an illegal liquidated damages clause. Defendant requested the matter be transferred to the Law Division because her pleadings included claims for violations of the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -224, the New Jersey Truth-in-Renting Act, N.J.S.A. 46:8-43 to -50, and the New Jersey Security Deposit Law, N.J.S.A. 46:8-19 to -26, and other relief. In her third-party complaint, defendant sought class certification on behalf of current and former tenants of plaintiff's apartment complex, asserting the same causes of action set forth in her counterclaim. By way of the third-party pleading, defendant sought to enjoin plaintiff and affiliated apartment complexes[5] from enforcing Paragraph 13 of the lease as an improper penalty clause.

The matter was transfer to the Law Division and defendant was allowed to conduct discovery in support of class certification. After the close of discovery, plaintiff moved for summary judgment. In opposing summary

---

[5] The affiliated apartment complexes operated under different corporate designations and were located in other municipalities.

A-0796-18T2

judgment, defendant argued Paragraph 13 was illegal and plaintiff improperly sought liquidated damages as a penalty for her early termination of the lease.

In a July 24, 2018 order, incorporating reasons placed on the record on June 22, 2018, the motion judge granted summary judgment to plaintiff and dismissed defendant's counterclaim and third-party class action complaint. The judge found plaintiff sought to recover actual damages rather than damages pursuant to Paragraph 13 of the lease.[6]

Regarding the third-party class action complaint, the judge held there was "no class, discovery [was] over, and bare conclusions without factual support [could not] defeat a motion for summary judgment." The judge deemed defendant's class action suit moot because in "the interest of justice and in preserving judicial resources, courts such as this one do not attempt to resolve legal issues in the abstract." Because Paragraph 13 was modified before

---

[6] While Paragraph 13 was included in defendant's May 2016 lease renewal, plaintiff's counsel notified defense counsel that plaintiff stopped enforcing Paragraph 13 in November 2015. As of 2015, plaintiff used a new lease form that modified Paragraph 13, clarifying the rights of the tenant and the landlord in accordance with statutory law and allowing the tenant to select one of two payment options in the event of the tenant's breach of the lease agreement. Plaintiff informed the motion judge that Paragraph 13 in defendant's original lease was not the basis for its calculation of damages. Rather, plaintiff confirmed it was seeking actual damages attributable to defendant's breach of the lease.

6

defendant's lease renewal, the judge held the original provision was no longer effective. Therefore, the judge concluded Paragraph 13 could not support the allegations in defendant's counterclaim and third-party class action complaint. She also stated Paragraph 13 had no bearing on her decision to grant summary judgment and, therefore, held defendant liable for actual damages resulting from defendant's breach of the lease. As to defendant's CFA claim, the judge found "no legal support to suggest that the CFA permits recovery of costs of the defendant, the party who, in effect, is alleged to have breached a contract." In addition, the judge rejected extending discovery to identify additional tenants for the putative class because such action was "not sufficient to defeat [plaintiff's] motion for summary judgment."

After determining defendant was liable for damages as a result of her breach of the lease, the judge postponed deciding the amount of damages to be awarded. She allowed both parties to file supplemental papers and present additional argument on the issue of actual damages. In a written supplement attached to the July 24, 2018 order, the judge set forth her calculation of the damages awarded to plaintiff. She explained only damages "which actually flowed from the breach of the lease" were recoverable. The judge precluded plaintiff's recovery of the following damages: unit prep; painting and supplies;

7

carpet cleaning; unit cleaning; materials; installation of a new lock and new toilet seat; obtaining a certificate of occupancy; labor costs associated with the services of an accountant, leasing agent, and property manager; and administrative fees. The judge concluded these costs were general overhead associated with the re-renting of an apartment regardless of any lease breach by a tenant. She also found plaintiff mitigated its damages by placing a new tenant in defendant's former apartment effective October 26, 2016 "well in advance of the end of [d]efendant's lease term."

Therefore, in calculating actual damages, the judge allowed recovery of two months lost rent for September and October 2016, in addition to "the associated costs of re-renting, including advertising, marketing, and maintaining the utilities." The judge determined plaintiff incurred the following costs associated with re-renting defendant's apartment: $68.09 for advertising, $16.75 for marketing, and $159.65 for utilities. In arriving at the judgment amount of $894.69, the judge multiplied defendant's monthly rent of $1,128 per month times two months for a lost rent total of $2,256. She added the allowed costs associated with re-renting defendant's apartment in the amount of $244.49, bringing the total owed to $2,500.49. The judge then deducted the amount of defendant's security deposit, $1,605.80, and determined defendant "must pay

[p]laintiff . . . $894.69." However, the judge forgot to accord defendant credit for the six days in October when plaintiff received rent from the new tenant. On the issue of plaintiff's request for attorney's fees and costs as part of actual damages, the judge allowed counsel to re-submit a supporting certification complying with the requirements of Rule 4:49-8(b), and allowed defendant an opportunity to object to plaintiff's requested fees and costs.

Defendant filed a motion for reconsideration and a cross-motion for attorney's fees and costs. In an oral opinion on September 26, 2018, the judge denied the reconsideration motion, denied defendant's request for attorney's fees and costs as untimely and procedurally defective, and denied plaintiff's request for attorney's fees.

In denying reconsideration, the judge found no genuine issues of material fact concerning defendant's claims related to former Paragraph 13 because that provision was no longer enforced or included in plaintiff's leases as of November 2015. The judge further explained defendant failed to produce any evidence raising a genuine issue of material fact as to the amount of damages awarded.

In reviewing dismissal of defendant's CFA claim, the judge held defendant could not demonstrate an ascertainable loss. She also distinguished the cases relied upon by defendant in support of her CFA claim, noting "[i]llegal charges

9

that are or were never paid are not ascertainable losses because there was no actual loss."

The judge rejected defendant's argument that plaintiff failed to mitigate damages. She held plaintiff found a new tenant for defendant's former apartment within two months, well before the expiration of defendant's lease term.

Regarding defendant's other claims, the judge held defendant was not "denied the benefit of the bargain," to sustain a claim for breach of the covenant of good faith because defendant breached the lease by vacating the apartment prior to the end of the lease term. She also concluded defendant's legal and equitable fraud claims were meritless. In denying defendant's request for declaratory judgment relief, the judge held plaintiff was not seeking damages pursuant to Paragraph 13 of the lease, and therefore, the Declaratory Judgment Act was inapplicable. Further, the judge found no basis for the unjust enrichment claim as defendant was responsible for paying actual damages to plaintiff resulting from defendant's breach of the lease.

Regarding dismissal of the third-party class action complaint, the judge concluded sustainability of a class action depended upon the sustainability of defendant's counterclaim. Because defendant was unable to prevail on her

individual claims, the class action claims, which were premised on the same theories as defendant's counterclaim, failed as well.

Defendant's request for attorney's fees was denied by the judge as untimely and improper. She also denied plaintiff's request for attorney's fees. In denying plaintiff's fee request, the judge "considered . . . defendant's inability to pay as referenced by the defense . . . . The defendant [was] a student . . . and ha[d] limited ability to pay such an award." She concluded it would have been "prejudicial to [] defendant to make her pay a [counsel fee] judgment that was many times the amount of the [c]ourt's July 24th order" and "considered and placed great significance on the American rule that the prevailing litigant is not ordinarily entitled to collect a reasonable attorney's fee from the non-prevailing party."

On appeal, defendant argues the judge improperly resolved disputed issues of material fact. She also claims the judge erred in deeming the claims in the third-party class action complaint moot based on the dismissal of her individual claims for the same relief. Further, defendant contends she was entitled to additional discovery to support her class action claims. She also asserts the judge erred in dismissing her CFA claim and common law claims. Finally, defendant argues the judge erred in denying her cross-motion for

11

attorney's fees and costs. We disagree with defendant's arguments except for one. The judge should have decided defendant's request for attorney's fees and costs on the merits rather than denying the motion as procedurally defective.

We set forth the standard of review governing the issues on the appeal and cross-appeal. We review de novo orders granting summary judgment and apply the same standard that governed the trial court's ruling. Lee v. Brown, 232 N.J. 114, 126 (2018). "[A] trial court's reconsideration decision will be left undisturbed unless it represents a clear abuse of discretion." Pitney Bowes Bank v. ABC Caging, 440 N.J. Super. 378, 382 (App. Div. 2015). The award of attorney's fees is also reviewed under this standard. Litton Indus. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (quoting Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)) ("[A] reviewing court will disturb a trial court's award of counsel fees 'only on the rarest of occasions, and then only because of a clear abuse of discretion.'"). Similarly, we review a determination regarding a request for class certification for abuse of discretion. Dugan v. TGI Fridays, Inc., 231 N.J. 24, 50 (2017).

We first consider defendant's argument that summary judgment was prematurely granted because there were genuine issues of material facts. Summary judgment will be granted if, viewing the evidence in the light most

favorable to the non-moving party, "there is no genuine issue of material fact and 'the moving party is entitled to a judgment or order as a matter of law.'" Conley v. Guerrero, 228 N.J. 339, 346 (2017) (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)); R. 4:46-2(c). An opposing party who offers no substantial or material facts in opposition to the motion cannot complain if the court takes as true the uncontradicted facts in the movant's papers. Judson v. Peoples Bank & Tr. Co. of Westfield, 17 N.J. 67, 75 (1954).

Defendant submits there were three issues of material fact that the judge improperly decided in granting summary judgment to plaintiff: (1) whether plaintiff was enforcing Paragraph 13 in the original lease to recover damages from defendant; (2) whether plaintiff acted reasonably in mitigating its damages; and (3) whether plaintiff's claimed damages were substantiated.

Here, defendant produced no countervailing evidence creating a genuinely disputed issue of material fact. Defendant proffered nothing to contradict plaintiff's assertion that, as of November 2015, it no longer enforced Paragraph 13 as written in defendant's original lease. Defendant's contentions regarding plaintiff's enforcement of Paragraph 13 as part of the May 2016 lease renewal

are without evidentiary support and thus insufficient to defeat a motion for summary judgment.

Defendant's argument related to the mitigation of damages is more aptly framed as a challenge to the judge's calculation of the amount of actual damages.[7]  Defendant argues the awarded amount failed to account for rent plaintiff received from the replacement tenant during defendant's lease term. While a certification from plaintiff's Director of Residential Properties indicated "lost rent" in the amount of $2,038.00, the judge calculated lost rent in the amount of $2,256.  The judge's calculation of lost rent was greater than the amount of lost rent claimed in plaintiff's certification quantifying its damages and there was nothing in the record reconciling the difference between the dollar amounts.

Regarding defendant's argument that plaintiff's "actual damages" were disputed, defendant submits the judge ignored her counterstatement of facts. However, the judge thoroughly reviewed the costs plaintiff attributed to defendant's early breach of the lease and specifically limited plaintiff's recovery to costs she deemed attributable to defendant's breach of the lease.  In reviewing

---

[7]  To the extent defendant was challenging plaintiff's failure to re-rent the apartment sooner than October 26, 2016, defendant again proffered no evidence the apartment could have been re-rented earlier.

A-0796-18T2

plaintiff's requested damages, the judge rejected over $3,600 in "actual damages" sought by plaintiff, deeming those costs represented routine expenses whenever a new tenant took occupancy of an apartment. The judge awarded only $244.49, representing the costs for advertising, marketing, and maintaining the utilities in defendant's apartment while it was vacant for a total sum of $244.49. Having reviewed the record, the judge did not abuse her discretion in calculating actual damages based on the evidence presented by plaintiff given the absence of any contrary evidence from defendant.

We next consider defendant's arguments related to the judge's dismissal of the third-party class action complaint. Class actions are governed by Rule 4:32:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
>
> [R. 4:32-1(a).]

"When an order granting or denying class certification is reviewed on appeal, the 'appellate court must ascertain whether the trial court has followed' the class

action standard set forth in <u>Rule</u> 4:32-1." <u>Dugan</u>, 231 N.J. at 50 (quoting <u>Lee v. Carter-Reed Co.</u>, 203 N.J. 496, 506 (2010)).

We have held that the grant of summary judgment on an individual's claim for failure to establish an ascertainable loss under the CFA will render a request for class certification moot. <u>See</u> <u>Dabush v. Mercedes-Benz USA, LLC</u>, 378 N.J. Super. 105 (App. Div. 2005). "Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately threatened with harm." <u>Betancourt v. Trinitas Hosp.</u>, 415 N.J. Super. 301, 311 (App. Div. 2010) (citing <u>Jackson v. Dep't of Corr.</u>, 335 N.J. Super. 227, 231 (App. Div. 2000)). "An issue is 'moot when our decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" <u>Redd v. Bowman</u>, 223 N.J. 87, 104 (2015) (quoting <u>Deutsche Bank Nat'l Tr. Co. v. Mitchell</u>, 422 N.J Super. 214, 221-22 (App. Div. 2011)).

We are satisfied dismissal of the third-party class action complaint was proper because defendant did not satisfy the requirements of <u>Rule</u> 4:32-1. Defendant's counterclaim was dismissed on summary judgment, and therefore, she no longer had a question of law or fact common to the class, nor did she

have valid claims or defenses typical of the claims or defenses of the putative class.  R. 4:32-1(a).

The exceptions cited by defendant in support of pursuing the claims in third-party class action complaint, despite dismissal of her individual claims, are inapplicable.  The "picking off" exception, recognized in Richardson v. Bledsoe, permits a party to continue representing the class even if his or her individual claims have been rendered moot by actions of the opposing party if the  individual's claim for relief is "acutely susceptible to mootness."  829 F.3d 273, 279 (3d Cir. 2016) (first citing Wilson v. Gordon, 822 F.3d 934, 946-47 (6th Cir. 2016); and then quoting Weiss v. Regal Collections, 385 F.3d 337, 347-48 (3d Cir. 2004)).  This exception permits courts to "relate a claim for relief back to the date the would-be class representative filed his class action complaint . . . ."  Id. at 281 (citing Weiss, 385 F.3d at 348).  The exception "should apply when defendants are able 'effectively to prevent any plaintiff in the class from procuring a decision on class certification.'"  Id. at 285 (quoting Stein v. Buccaneers Ltd. P'ship, 772 F.3d 698, 706 (11th Cir. 2014)).

Here, defendant filed a third-party class action complaint in April 2017.  However, Paragraph 13 had not been enforced as written in defendant's lease since November 2015.   Relating  defendant's  claimed  invalidity  and

17

unenforceability of Paragraph 13 to the filing date of the third-party class action complaint, the claims were moot because Paragraph 13 was amended in November 2015, more than a year and a half prior to plaintiff's lawsuit alleging defendant's breach of the lease. There is no evidence on this record that plaintiff moved for summary judgment or revised Paragraph 13 of its lease document for the purpose of preventing a class action lawsuit. Therefore, the "picking off" exception does not support continuation of the third-party class action complaint.

Similarly, the "capable of recurrence but evading review" exception does not save defendant's third-party class action complaint. A court may resolve an issue, notwithstanding mootness, "where the underlying issue is one of substantial importance, likely to reoccur but capable of evading review." Zirger v. Gen. Accident Ins. Co., 144 N.J. 327, 330 (1996) (citing N.J. Div. of Youth & Family Servs. v. J.B., 120 N.J. 112, 118-19 (1990)).

Based on our review of the record, this is not a matter of "substantial importance," warranting continuation of a class action lawsuit. This matter involves a single landlord and a single tenant, where the landlord sought to recover actual damages based on the tenant's breach of a written lease agreement. According to plaintiff's counsel, Paragraph 13 was revised in

18

November 2015. Therefore, enforcement of former Paragraph 13 is unlikely to recur. Further, although this is a matter of importance to defendant, it is not a matter of substantial importance to the public.

Nor does the "voluntary cessation" exception prevent dismissal of defendant's third-party class action complaint. This exception provides: "Voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot." Galloway Twp. Bd. of Educ. v. Galloway Twp. Educ. Ass'n, 78 N.J. 25, 42 (1978) (quoting U.S. v. W.T. Grant Co., 345 U.S. 629, 632-33 (1953)).

Here, defendant claims plaintiff "withdrew the demand for [Paragraph] 13 penalties . . . in an effort to avoid judicial review of its illegal practice[s] . . . ." However, in November 2015, plaintiff ceased enforcing former Paragraph 13 and began using revised Paragraph 13 to recover damages for a tenant's breach of the lease. When defendant breached the lease in August 2016, revised Paragraph 13 was in effect. Consequently, in its February 2017 complaint, plaintiff sought to recover actual damages as a result of defendant's breach of the lease. Defendant proffered no evidence that plaintiff sought liquidated damages pursuant to the original language in Paragraph 13. We are satisfied on

this record that the voluntary cessation of any illegal conduct exception is inapplicable to preserve the third-party class action complaint.

We also reject defendant's argument that plaintiff prevented her from obtaining discovery necessary to certify the class. Defendant never filed a motion for class certification despite being afforded an opportunity pursue discovery in support of such an application.

We are satisfied the judge did not abuse her discretion in dismissing the third-party class action complaint. Defendant cannot act as a class representative because her claims were dismissed on summary judgment and none of the claims in the third-party class action complaint met the exceptions to allow a class to proceed absent viable claims on behalf of the class representative.

We next review the judge's dismissal of defendant's CFA claims. "To state a claim under the CFA, a private 'plaintiff must allege each of three elements: (1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss.'" Dabush, 378 N.J. Super. at 114 (quoting New Jersey Citizen Action v. Schering-Plough Corp., 367 N.J. Super. 8, 12-13 (App. Div. 2003)). A party must satisfy all three

elements to prevail on a CFA claim, including establishing a quantifiable ascertainable loss. Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 248 (2005).

To demonstrate an ascertainable loss, a party must provide specific proofs, subjective assertions are insufficient to sustain a CFA claim. Id. 183 N.J. at 252. "Even though a plaintiff need not actually expend a sum of money as a result of defendant's unlawful consumer practice in order to demonstrate a loss, the amount of the loss must be ascertainable and must be established with reasonable certainty." Dabush, 378 N.J. Super. at 116 (citing Cox v. Sears Roebuck & Co., 138 N.J. 2, 22 (1994)). In addition, the plaintiff "bear[s] the ultimate burden of showing a causal link between the offending practice and the claimed loss . . . ." Ibid. (alteration in original) (quoting Cannon v. Cherry Hill Toyota, Inc., 161 F. Supp. 2d 362, 374 (D.N.J. 2001)).

Here, defendant alleges the judge erroneously concluded she suffered no ascertainable loss. According to defendant, the ascertainable loss was the miscalculation of plaintiff's damages. However, any loss suffered by defendant was the direct result of her breach of the lease. The judge's mathematical miscalculation of the rent owed is not an ascertainable loss as a result of any conduct by plaintiff to support a CFA claim.

21

We next address defendant's claim that the judge erroneously dismissed her common law claims without setting forth facts and conclusions of law. Defendant's contention is belied by the record. The judge addressed each of defendant's common law claims in her oral opinion regarding defendant's motion for reconsideration and therefore complied with the requirements of Rule 1:7-4(a). Having reviewed the reasons placed on the record by the judge in denying reconsideration, we are satisfied the judge's dismissal of defendant's counterclaims of her common law claims was appropriate based on the evidence presented.

Although we affirm the judge's summary judgment determination on liability, we are satisfied there was a mathematical miscalculation as to the judgment amount. While the judge recognized defendant was entitled to credit for the rent plaintiff received from the new tenant for October 26 through October 31, 2016, she did not include that credit amount in her calculation. It is undisputed that the new tenant paid monthly rent greater than the monthly rent paid by defendant. Defendant was entitled to credit for the six days in October 2016 when plaintiff received rent from the new tenant. Prorating the monthly rent charged to the new tenant on a per diem basis, defendant was entitled to

22

credit in the amount of $232. Therefore, we remand to the trial court to enter an amended judgment in favor of plaintiff in the corrected amount of $662.69.

We next address the parties' argument that the judge erred in denying their motions for attorney's fees and costs in accordance with Paragraph 11 of the lease. According to Paragraph 11, the landlord or the tenant may recover attorney's fees and costs. Paragraph 11 provides:

> If [l]andlord institutes legal proceedings to . . . collect [r]ent, . . . or any other charges due and owing under the lease, . . . [t]enant shall pay to [l]andlord as [a]dditional [r]ent all court costs and attorney fees.
>
> . . . .
>
> IF THE TENANT IS SUCCESSFUL IN ANY ACTION OF SUMMARY PROCEEDING ARISING OUT OF THIS LEASE, THE TENANT SHALL RECOVER ATTORNEY'S FEES OR EXPENSES, OR BOTH FROM THE LANDLORD TO THE SAME EXTENT THAT [THE] LANDLORD IS ENTITLED TO RECOVER ATTORNEY'S FEES OR EXPENSES, OR BOTH AS PROVIDED IN THIS LEASE.

Pursuant to Paragraph 11 of the lease, the judge should have considered both motions for attorney's fees and costs and reviewed the certifications submitted in support of the requested amounts. On remand, we take no position whether either or both parties should be awarded costs and fees, or the amount of any sums that might be awarded.

23

Affirmed in part and reversed and remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0796-18T2