[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13769
Non-Argument Calendar

_____

D.C. Docket No. 0:13-cv-60230-RNS

TAMIKO P. WALKER,

Plaintiff-Appellant,

versus

FINANCIAL RECOVERY SERVICES, INC.,
BRIAN CHARLES BOWERS,
JOHN DOE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 27, 2015)

Before TJOFLAT, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Tamiko P. Walker appeals the district court's order granting Financial

Recovery Services, Inc.'s (FRS) motion to dismiss for lack of subject-matter jurisdiction.  Walker argues that the district court improperly found her case to be moot after she received and rejected an offer of judgment under Federal Rule of Civil Procedure 68.  The district court based its finding on an offer that would have provided her complete relief on her individual claims while giving no relief to the putative class.  Because the district court contravened our recent decision in Stein v. Buccaneers Limited Partnership, 772 F.3d 698 (11th Cir. 2014), we reverse.

When reviewing a dismissal of a complaint as moot, we review factual findings for clear error and the legal issue de novo.  Id. at 701.  In Stein, the named plaintiffs in a putative class action received offers of judgment under Rule 68 before moving for class certification.  Id. at 700–01.  The plaintiffs rejected those offers.  Id. at 701.  This Court held, in one of two alternative holdings, that the unaccepted offers of judgment did not render the named plaintiffs' complaint moot.  Id. at 704.  Based on this precedent, we are bound to hold that FRS's offer of judgment did not render Walker's complaint moot, and that the district court erred when it dismissed for lack of subject-matter jurisdiction.

FRS argues that the facts of this case are distinguishable from Stein.  It argues that while the defendant's offers in Stein were deemed revoked if not accepted and the defendant did not request that the district court enter judgment on the terms of its offers, FRS continued to stand behind its offer and requested that

2

the district court provide Walker with complete relief by entering judgment.  We are not persuaded that these factual differences should alter our analysis.  Stein broadly held that "[g]iving controlling effect to an unaccepted Rule 68 offer . . . is flatly inconsistent with the rule."  Id. at 702.  And the Stein Court adopted the reasoning of four Justices in Genesis Healthcare Corp. v. Symczyk, 569 U.S. ___, 133 S. Ct. 1523 (2013).  Those Justices specifically stated that

> an unaccepted offer of judgment cannot moot a case.  When a plaintiff rejects such an offer—however good the terms—her interest in the lawsuit remains just what it was before.  And so too does the court's ability to grant her relief.  An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect.

Id. at 1533 (Kagan, J., dissenting).  This language does not allow for the slim factual distinction FRS asks us to attempt.

Even if there were a persuasive way to distinguish the facts of this case from Stein's first alternative holding, Stein's second alternative holding would still bind us.  The Stein Court held that even assuming a putative class representative's individual claim was mooted, "a Rule 68 offer of full relief to the named plaintiff does not moot a class action, even if the offer precedes a class-certification motion, so long as the named plaintiff has not failed to diligently pursue class certification."  772 F.3d at 707.  FRS asks us to "reconsider[] or modify[] . . . the holding in Stein," but "we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court."  United States

3

v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam) (quotation

marks omitted).[1]

We reverse the order of dismissal for lack of subject-matter jurisdiction and

remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

[1] FRS also argues that a recent Fifth Circuit opinion, Fontenot v. McCraw, No. 13-20611, ___ F.3d ___, 2015 WL 304151 (5th Cir. Jan. 23, 2015), undermines a case the Stein panel relied upon, Zeidman v. J. Ray McDermott & Co., 651 F.2d 1030 (5th Cir. 1981).  However, while Zeidman was binding precedent on the Stein panel, see Bonner v. City of Prichard, 661 F.2d 1206, 1210 (11th Cir. 1981), Fontenot is not, see, e.g., United States v. Schultz, 565 F.3d 1353, 1360 n.4 (11th Cir. 2009) (per curiam).  The Fontenot decision is hardly a sufficient reason to overrule our Court's binding precedent from Stein.