Kathy SMITH, on behalf of herself and all others similarly situated, Plaintiff,

v.

**INTERLINE BRANDS, INC., Defendant.**

**Civil Action No. 14–5527 (JBS/JS).**

United States District Court, D. New Jersey.

Signed Sept. 26, 2014.

---

Joseph G. Sauder, Chimicles & Tikellis, LLP, Haverford, PA, for Plaintiff.

## ORDER

JEROME B. SIMANDLE, Chief Judge.

This matter comes before the Court by way of Plaintiff Kathy Smith's (hereinafter, "Plaintiff") pre-answer motion for class certification. [Docket Item 3.] Plaintiff filed the initial Class Action Complaint in this litigation on September 3, 2014, alleging that Defendant Interline Brands, Inc. (hereinafter, "Defendant") distributes defective polymeric coupling nuts. (Class Action Compl. At ¶¶ 1–6.) Defendant has not at this time filed a response to Plaintiff's Complaint, nor does the docket reflect that Plaintiff has successfully effectuated service of the Complaint. Despite the posture of this litigation, Plaintiff filed the pending motion for class certification on September 11, 2014, approximately one week after the filing of her initial pleading. [Docket Item 3.]

In the motion—bereft of the detail necessary for the purposes of a Federal Rule of Civil Procedure 23 analysis—Plaintiff recognizes the premature nature of the filing, but asserts that such filing is necessary in order to thwart any strategic attempt by Defendant to " 'pick off' " Plaintiff by extending an offer of judgment under Rule 68 as to Plaintiff's individual claim, thereby purportedly precluding her from serving as class representative with respect to the putative class claims. (Pl.'s Br. at 1.) Rather than entertain the motion on its merits, Plaintiff therefore requests that the Court hold consideration of the motion in abeyance pending completion of class discovery. (*Id.* at 2.)

In so requesting, Plaintiff relies upon the Court of Appeals for the Seventh Circuit's ruling that, "[c]lass action plaintiffs can move to certify the class at the same time they file their complaint ... then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Damasco v. Clearwire Corp.,* 662 F.3d 891, 896 (7th Cir.2011). The Seventh Circuit's expression, however, arose out of a rule unique to that Circuit, namely, that "a defendant can render moot a possible class action by offering to settle for the full amount of the plaintiff's demand *before* the plaintiff files a motion for class certification." *McMahon v. LVNV Funding, LLC,* 744 F.3d 1010, 1018 (7th Cir.2014) (emphasis in original). The rule "spawned fears by the plaintiffs' bar that defendants might 'pick off' or 'buy off' a putative class representative via [an] unaccepted offer of judgment, thereby mooting a class action before the plaintiff had been able to complete the necessary discovery to file a Rule 23 motion." *Church v. Accretive Health, Inc.,* 299 F.R.D. 676, 677 (S.D.Ala.2014). In order to assuage such concerns, the Seventh Circuit noted the existence of a "simple solution for a putative class representative who wishes to avoid mootness or buy-off: move to certify the class" contemporaneous with the filing of the complaint. *McMahon,* 744 F.3d at 1018.

The Seventh Circuit rule, however, does not govern this proceeding, nor is such rule dispositive of the pending motion, particularly in light of the contrary and binding Third Circuit authority. Indeed, the Third Circuit mandated a far more flexible approach in *Weiss v. Regal Collections,* 385 F.3d 337, 348 (3d Cir.2004), and specifically found the "appropriate course" in the event "a defendant makes a Rule 68 offer

to an individual claim that has the effect of mooting possible class relief asserted in the complaint" would be "to relate the certification motion back to the filing of the class complaint[,]" provided that the plaintiff has not unduly delayed in filing such motion.[1] *Id.* at 348. Consequently, the concern underpinning Plaintiff's motion does not appear cognizable under the law of this Circuit, and Plaintiff cites no authority from this Circuit in support of the relief requested by its preemptive motion. Rather, in support of her request, Plaintiff relies solely upon authority arising from district courts bound by the Seventh Circuit's determination, which, for the reasons stated above, are inapposite to the disposition of the pending motion. (*See* Pl.'s Br. at 2.) The Third Circuit's approach is a sensible recognition of the undesirability of a premature motion for class certification, unsupported by discovery and largely untethered to the requirements for actually certifying a class. To permit such a placeholder motion would also seem contrary to the spirit of Rule 11(b), Fed.R.Civ. P., which regards an attorney's signature on a motion as "certif[ying] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... the claims ... and other legal contentions are warranted by existing law ...; the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for future investigation or discovery...." Fed.R.Civ.P. 11(b)(2) & (3). As in *Church,* 299 F.R.D.

at 679, this Court also recognizes the prospect that a class-action plaintiff's "straight-out-of-the-chute Rule 23 motion" is "virtually certain to impose administrative costs, unnecessary distractions, and [to impose] an unhelpful drag on efficiency and judicial economy."[2] Consequently, for the reasons set forth herein, and for good cause shown,

IT IS this 26th day of September, 2014, hereby

ORDERED that Plaintiff's motion for class certification [Docket Item 3] shall be, and hereby is, ***DISMISSED*** as premature, without prejudice to Plaintiff's right to refile such motion at an appropriate time in this litigation.

---

1. Plaintiff recognizes this contrary authority, but nevertheless filed the pending motion. (Pl.'s Br. at 1.)

2. Though not raised in the pending motion, the Court also notes that Rule 4.2 of New Jersey's Rules of Professional Conduct affords putative class counsel ample relief, in the event a defendant attempts to "pick off" a

named plaintiff through directly communicating a settlement offer to such plaintiff. *See, e.g., Loatman v. Summit Bank,* 174 F.R.D. 592, 605 (D.N.J.1997) (*imposing sanctions against defendant as a result of defendant's direct contact with the named representative of a putative class*).