RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0057p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

BRADLEY PATTON, on behalf of himself and others
similarly situated,

　　　　　　　　　　*Plaintiff-Appellant*,

　　　*v.*

> No. 24-5639

MIKE FITZHUGH, in his official capacity as Sheriff of
Rutherford County, Tennessee; MELISSA HARRELL, in
her official capacity as Clerk of the Rutherford County
Circuit and General Sessions Courts; JAMES TURNER,
BARRY R. TIDWELL, and HOWARD WILSON, in their
official capacities as Circuit Judges for the Sixteenth
Judicial District,

　　　　　　　　　　*Defendants-Appellees*.

───────────────

Appeal from the United States District Court for the Middle District of Tennessee at Nashville.
No. 3:23-cv-00637—William Lynn Campbell, Jr., District Judge.

Decided and Filed:  March 13, 2025

Before:  MOORE, KETHLEDGE, and BLOOMEKATZ, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:**  Drew Justice, JUSTICE LAW OFFICE, Murfreesboro, Tennessee, for Appellant.
Nick Christiansen, HUDSON, REED & CHRISTIANSEN, PLLC, Murfreesboro, Tennessee, for
the Rutherford County Appellees.  Eric W. Donica, OFFICE OF THE TENNESSEE
ATTORNEY GENERAL, Nashville, Tennessee, for the State Appellees.

———————————

**OPINION**

———————————

KAREN NELSON MOORE, Circuit Judge. This appeal concerns issues of standing and mootness in a putative class-action suit. According to Bradley Patton, state and local officials in Rutherford County, Tennessee unconstitutionally require pre-trial detainees to prove in a hearing before the state court that any bail funds equal to or in excess of $75,000 were not derived directly or indirectly from criminal activities. On June 13, 2023, Patton requested permission to post $100,000 to cover outstanding bail. Despite having the funds ready to secure his release, Patton was not released from custody. Under Rutherford County's local rules, Patton had to wait for the state court to schedule a hearing to determine whether the bail money was sourced from any criminal activities. Patton filed this putative class action in federal court claiming that this local rule violated his and the putative class's due-process and Eighth Amendment rights.

For the reasons that follow, we **REVERSE** the district court's judgment dismissing Patton's claims on jurisdictional grounds and **REMAND** for proceedings consistent with this opinion.

## I. BACKGROUND

On December 18, 2021, Patton was arrested in Rutherford County, Tennessee, and charged with a series of state drug offenses and a firearm offense. R. 20 (Am. Compl. ¶ 6) (Page ID #157). Patton secured his release by initially posting $21,000 in bail. *Id.* ¶ 7 (Page ID #157). After he missed a subsequent court date, Patton posted another $5,000 (for a new total of $26,000) to meet his increased bail obligation. *Id.* ¶ 8 (Page ID #158). At some later point, one of Patton's charges was increased and a new charge was also added. *Id.* ¶ 9 (Page ID #158). The state court once again increased Patton's bail obligation, this time by an additional $75,000, for a total of $101,000. *Id.* ¶ 10 (Page ID #158). Patton failed to turn himself in after being notified that his bail was increased. *Id.* ¶ 11 (Page ID #158). Patton's failure to surrender earned him yet another bail increase, for a final time, to a total of $126,000. *Id.* In sum, by the time

Patton's obligation reached its zenith, Patton had already paid $26,000 in bail but still owed an additional $100,000 to secure his release.  *Id.*

Because Patton's obligation reached $75,000 or more, he had to prove that whatever money or assets he put up to secure his release were not derived directly or indirectly from criminal activities.  *Id.* ¶ 13 (Page ID #159).  Rutherford County has adopted Rule 16.07(G) that, for certain enumerated offenses, if the state court sets bond in the amount of $75,000 or more, then the state court has to conduct a "source hearing" to "ensur[e] that any defendant does not use any proceeds directly or indirectly derived from a criminal offense for the purpose of securing an appearance bond or to pay the premium for the bond."  *Id.* ¶ 32 (Page ID #163–64); *see also* Tenn. Code Ann. § 39-11-715.  ("Any court may require the defendant or bonding agent to prove in open court the source of such bond or premium before accepting the bond . . . .").

As a consequence, when the state court set Patton's bond over $75,000, he needed to prove in a source hearing that "he did not use any proceeds directly or indirectly derived from a criminal offense . . . ."  R. 20 (Am. Compl. ¶ 32) (Page ID #163–64) (quoting Rule 16.07(G)).  Although it is unclear at what point the state court set Patton's bond above the $75,000 threshold triggering Rule 16.07(G), Patton "sat in jail for multiple months before his attorney could gather the documentation, in consultation with family and friends, for the motion to approve the source."  *See id.* ¶¶ 10, 17 (Page ID #158, 160).  On June 13, 2023, Patton posted bond to cover his $100,000 outstanding obligation.  *Id.* ¶ 15 (Page ID #159).  He had to wait, however, until June 22, 2023, for his source hearing.  *Id.*

Earlier that same day, on June 22, 2023, Patton filed his initial class-action complaint in the United States District Court for the Middle District of Tennessee against two county officials—Mike Fitzhugh (the Sheriff of Rutherford County) and Melissa Harrell (the Clerk of the Rutherford County Circuit and General Sessions Court)—and three Circuit Judges for the Sixteenth Judicial District, James Turner, Barry Tidwell, and Howard Wilson.  R. 1 (Compl. at 1) (Page ID #1).  Patton claimed that Rule 16.07(G) violated his substantive and procedural due-process rights.  *Id.* ¶¶ 33–38 (Page ID #12–14).  This putative class action was filed on behalf of all those similarly situated, and sought a declaratory judgment and prospective injunctive relief.  *Id.* at 14–17 (Page ID #14–17).

On September 6, 2023, the State Defendants (the three Circuit Judges for the Sixteenth Judicial District), moved to dismiss Patton's original complaint. R. 15-1 (State Mem. in Supp. of Mot. to Dismiss at 1) (Page ID #62). The State Defendants argued that the district court should abstain from hearing the case under the *Younger* abstention doctrine and that Patton could not properly certify a class. *Id.* at 5–15 (Page ID #66–76). On September 8, 2023, the Local Defendants (Sheriff Fitzhugh and Circuit Court Clerk Harrell) moved to dismiss Patton's complaint on essentially four grounds: (1) the State Defendants, not the Local Defendants, implemented Rule 16.07(G); (2) *Younger* abstention; (3) failure to state a claim under the Due Process Clause of the Fourteenth Amendment; and (4) that Patton could not successfully certify a class. R. 17 (Loc. Defs. Mot. to Dismiss at 5–22) (Page ID #133–50).

On September 27, 2023, Patton filed an amended complaint as a matter of right. R. 20 (Am. Compl. at 1) (Page ID #155). The amended complaint was roughly the same as the first except for two key differences. First, Patton alleged that on June 29, 2023, he pleaded guilty to two of the charges against him and was sentenced to ten years of probation. *Id.* ¶ 12 (Page ID #158). Second, in addition to re-asserting his due-process claims, Patton also brought an Eighth Amendment claim alleging that he was denied his right to non-excessive bail. *Id.* ¶¶ 47–51 (Page ID #170–71). Patton continued to request that he represent the class of similarly situated individuals, and he continued to seek a declaratory judgment and prospective injunctive relief. *Id.* at 17–20 (Page ID #170–74).

The State and Local Defendants moved to dismiss Patton's amended complaint. Relevantly, the State Defendants moved to dismiss Patton's amended complaint for mootness, R. 23-1 (State Mem. in Supp. of Mot. to Dismiss Am. Compl. at 6–9) (Page ID #190–93), and asserted that he could not properly represent a class under Federal Rule of Civil Procedure 23, *id.* at 9–15 (Page ID #193–99). The Local Defendants moved to dismiss the complaint on largely similar grounds, as well as other bases. R. 25 (Loc. Defs. Mot. to Dismiss Am. Compl. at 8–11, 24–25) (Page ID #261–64, 277–78). The thrust of Defendants' arguments on mootness was that "because Plaintiff has been released, his harm is merely past harm, which does not entitle him 'to seek injunctive or declaratory relief.'" R. 23-1 (State Mem. in Supp. of Mot. to Dismiss Am. Compl. at 8) (Page ID #192) (quoting *Kanuszewski v. Mich. Dep't of Health & Hum. Servs.*, 927

F.3d 396, 406 (6th Cir. 2019)); R. 25 (Loc. Defs. Mot. to Dismiss Am. Compl. at 10) (Page ID #263) (arguing exactly the same).

Patton responded that his claims were not moot because the Supreme Court has carved out an exception to the mootness doctrine for claims that are "capable of repetition yet evading review." R. 35 (Response to Mots. to Dismiss Am. Compl. at 4) (Page ID #339) (quoting *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 546–47 (1976)). He also argued that the district court should not dismiss his request for class certification because "there has been 'no discovery whatsoever.'" *Id.* at 7 (Page ID #342) (quoting *Smith v. Wash. Post Co.*, 962 F. Supp. 2d 79, 90 (D.D.C. 2013)).

The district court agreed with Defendants on mootness. "[T]here is no ongoing harm as Patton is released and future injury to Patton is speculative." *Patton v. Fitzhugh*, No. 3:23-cv-00637, 2024 WL 3366333, at *3 (M.D. Tenn. July 9, 2024) (citing *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974)). "Granting relief on the speculative idea that Patton will reoffend is insufficient to establish a concrete and immediate threat of future injury." *Id.* The district court rejected Patton's arguments that the putative class could save his claims, reasoning that "the class representatives must prove their own 'case or controversy' . . . in order to seek relief for 'any other member of the class.'" *Id.* at *4 (alterations in original) (quoting *Fox v. Saginaw County*, 67 F.4th 284, 294 (6th Cir. 2023)). As for the "capable of repetition yet evading review" argument, the district court found that "because Patton has been released from pre-trial custody, there is no reasonable expectation that Patton will again be subjected to a bail source hearing." *Id.* Patton's claims were moot, and he could not rely on the putative class's standing to preserve his claims. *Id.* The district court dismissed the amended complaint without addressing Defendants' other arguments. *Id.*

During the course of the district-court proceedings, the parties proposed and the district court issued various case-management orders. When Patton initially filed this action, the clerk's office automatically docketed a notice regarding case management. R. 3 (Notice) (Page ID #21). The notice informed Patton that, on his initiative, counsel was to prepare and submit a proposed case-management order three days in advance of the telephonic conference scheduled with the district court for October 5, 2023. *Id.* After Patton filed his amended complaint in September,

on the parties' joint motion, the district court mooted Defendants' then-pending motions to dismiss, extended their deadlines to respond to Patton's amended complaint, and rescheduled the case-management conference to November 16, 2023.  R. 22 (Scheduling Order at 1–2) (Page ID #180–81).  On November 17, 2023, the district court entered an initial case-management order that noted that the parties continued to dispute class certification and leaving as "RESERVED" Patton's deadline to file a motion for class certification.  R. 31 (Initial Case Mgmt. Order at 5, 12–13) (Page ID #309, 316–17).  Prior to entering the initial case-management order, the district court stayed discovery pending resolution of Defendants' motions to dismiss.  R. 29 (Order) (Page ID #302).  In its final case-management order issued two months before granting Defendants' motions to dismiss, the district court still left the deadline for a motion for class certification motion as "RESERVED."  R. 56 (Second Modified Case Mgmt. Order at 5) (Page ID #466).

## II.  STANDARD OF REVIEW

We review the district court's order granting Defendants' motions to dismiss for lack of subject-matter jurisdiction de novo.  *Dickson v. Direct Energy, LP*, 69 F.4th 338, 342 (6th Cir. 2023).

## III.  SUBJECT-MATTER JURISDICTION

This appeal concerns whether the federal courts have subject-matter jurisdiction to hear Patton's putative class-action claims.  "To uphold the constitutional requirement that federal courts hear only active cases or controversies, as required by Article III, section 2 of the federal constitution, a plaintiff must have a personal interest at the commencement of the litigation (standing) that continues throughout the litigation (lack of mootness)."  *Barry v. Lyon*, 834 F.3d 706, 714 (6th Cir. 2016).

Before addressing the parties' arguments on appeal, we face a preliminary issue:  Which doctrine(s) govern this appeal, standing or mootness?

**A. Standing**

The State and Local Defendants argue that Patton lacked standing when he filed his amended complaint. Because the first amended complaint replaced the original complaint, they ask us to assess Patton's standing solely in relation to the amended complaint. Our circuit has already addressed this issue and firmly decided in Patton's favor.

"Our review of Supreme Court and Sixth Circuit case law informs us that . . . standing does not have to be maintained throughout all stages of litigation. Instead, it is to be determined as of the time the complaint is filed." *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 524 (6th Cir. 2001). "In essence, standing concerns only whether a plaintiff has a viable claim that a defendant's unlawful conduct 'was occurring at the time the complaint was filed,' while mootness addresses whether that plaintiff continues to have an interest in the outcome of the litigation." *Id.* at 525 (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 184 (2000)). Accordingly, "[s]tanding is determined at the time the complaint is filed." *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 559 (6th Cir. 2021) (quoting *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 580 (6th Cir. 2012)). However, "[t]he mootness inquiry must be made at every stage of a case[.]" *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc). Thus, "if a plaintiff possesses standing from the start, later factual changes cannot deprive the plaintiff of standing. Those changes instead will create 'mootness' issues and trigger that doctrine's more forgiving rules." *Fox*, 67 F.4th at 295 (internal citation omitted). Under our precedent, when a plaintiff has filed an amended complaint, standing is measured by when the plaintiff initiated the suit, but as explained by allegations in the operative complaint. *Lynch v. Leis*, 382 F.3d 642, 647 (6th Cir. 2004); *accord Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 36–37 (2025). Other circuits employ this same approach, measuring standing by the date of the initial complaint. *See, e.g.*, *S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1152–53 (10th Cir. 2013) (citing *Lynch*, 382 F.3d at 647); *Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 803 (9th Cir. 2020); *Lutter v. JNESO*, 86 F.4th 111, 125 (3d Cir. 2023) (citing *Conolly v. Taylor*, 27 U.S. (2 Pet.) 556, 565 (1829)). Because the district court dismissed Patton's claims at the pleading stage, Patton

must "clearly . . . allege facts demonstrating" standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (alteration in original) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

The crux of Defendants' standing arguments is that at the time that Patton filed his amended complaint, he lacked standing. Yet, as the foregoing review of our caselaw demonstrates, the initial complaint provides the date by which we must measure Patton's standing. And there is no debate that Patton's amended complaint sufficiently alleges facts demonstrating that he had standing when he first filed suit. *See* R. 20 (Am. Compl. ¶¶ 13, 15, 17) (Page ID #159–60). Whether Patton continued to have a case or controversy after the filing of his initial complaint goes to mootness, not standing. Defendants' arguments miss the mark. Defendants have essentially repackaged their mootness arguments under the label of standing. Rather than resolving those arguments under the standing doctrine, we resolve them under the mootness doctrine.

**B. Mootness**

Patton does not dispute that, because he pleaded guilty and was released from pretrial custody, his claims are moot absent an appropriate exception. Patton Br. at 6; *see also* Reply at 1. The issue is whether any exception to the mootness doctrine applies such that the district court should have reached the merits of Defendants' motions to dismiss. For the reasons that follow, we hold that an exception to the mootness doctrine applies to Patton's claims, and we remand this case to the district court for proceedings consistent with this decision.

"A core tenet of Article III is that 'federal courts may adjudicate only actual, ongoing cases or controversies.'" *Wilson v. Gordon*, 822 F.3d 934, 941 (6th Cir. 2016) (quoting *Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 595 (6th Cir. 2014)). The mootness doctrine "requires that there be a live case or controversy at the time that a federal court decides the case." *Burke v. Barnes*, 479 U.S. 361, 363 (1987). "Thus, when a case at first presents a question concretely affecting the rights of the parties, but—as a result of events during the pendency of the litigation—the court's decision would lack any practical effect, the case is moot." *Ohio v. US EPA*, 969 F.3d 306, 308 (6th Cir. 2020). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *McPherson*, 119 F.3d

at 458 (quoting *Crane v. Ind. High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992)). "This doctrine, however, is not without its exceptions." *Kentucky*, 759 F.3d at 595.

As the district court correctly noted, Patton's claims fail under the capable-of-repetition-yet-evading-review exception to the mootness doctrine because the Supreme Court has held that it is inappropriate to assume that an individual will not "conduct their activities within the law and so avoid prosecution and conviction . . . ." *Patton*, 2024 WL 3366333, at *3 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974)). The only way that Patton's action would be capable of repetition is if we assumed he would be arrested again, *and* that the state court would order Patton to pay bail in the amount of $75,000 or more. We can make neither required assumption, and the capable-of-repetition exception is inapplicable. Thus, as the parties have appropriately briefed, the question is whether Patton's claims satisfy the requirements of the "inherently transitory" exception to mootness.

Before addressing whether the "inherently transitory" exception to the mootness doctrine applies to Patton's claims, we must first address Defendants' argument that Patton has forfeited his right to argue the "inherently transitory" exception to mootness. *See United States v. Noble*, 762 F.3d 509, 526–28 (6th Cir. 2014) (explaining that arguments not made before the district court are considered forfeited on appeal).

### 1. Forfeiture

Patton has not forfeited his argument that the "inherently transitory" exception to mootness applies to his claims. This is because the "inherently transitory" exception to the mootness doctrine is a "strain" of the capable-of-repetition-yet-evading-review doctrine applied to class action claims. *See Mills v. Barnard*, 869 F.3d 473, 483 (6th Cir. 2017) ("An argument is not forfeited on appeal because a . . . strain of the argument was not raised below, as long as the issue itself was properly raised."). And, even if Patton had forfeited this argument, under the *Pinney Dock* exception, we would still reach the merits of the "inherently transitory" exception. *See Jackson-Gibson v. Beasley*, 118 F.4th 848, 853 (6th Cir. 2024) ("The *Pinney Dock* exception is most commonly applied where the issue is one of law, and further development of the record is unnecessary." (quoting *McFarland v. Henderson*, 307 F.3d 402, 407 (6th Cir. 2002))).

Before the district court, and in response to Defendants' motions to dismiss, Patton argued that the "capable of repetition yet evading review" exception to the mootness doctrine should apply to his claims. R. 35 (Response to Mots. to Dismiss Am. Compl. at 3–5) (Page ID #338–40). Thus, the question is whether Patton's invocation of the capable-of-repetition doctrine has preserved his argument regarding the "inherently transitory" exception for class-action claims. We hold that it does.

"Inherently transitory" class-action claims are simply a "strain" of class-action claims that are capable of repetition yet avoid review. A review of the major Court cases cited by the parties confirms this reading. The "inherently transitory" line of cases traces back, in large part, to *Gerstein v. Pugh* and *Sosna v. Iowa*. *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975); *Sosna v. Iowa*, 419 U.S. 393, 399–401 (1975). In *Gerstein*, the Court held that a plaintiff asserting a class-action claim could continue to pursue claims on behalf of the class even though the named-plaintiff's claims were moot. *Wilson*, 822 F.3d at 944–45 (citing *Gerstein*, 420 U.S. at 110 n.11). For the named plaintiff to pursue an "inherently transitory" (but otherwise moot) claim on behalf of a class, "the Court required only that other class members would suffer the same injury: 'in this case the constant existence of a class of persons suffering the deprivation is certain.'" *Id.* at 945 (quoting *Gerstein*, 420 U.S. at 110 n.11). As the Court explained, such a "claim, in short, is one that is distinctly 'capable of repetition, yet evading review.'" *Gerstein*, 420 U.S. at 110 n.11; *see also U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 398–99 (1980) (explaining that the "inherently transitory" doctrine grew out of the application of the capable-of-repetition-yet-evading-review exception to class-action claims). Similarly, in *Sosna v. Iowa*, the Court held that the rationale of the "capable of repetition, yet evading review" cases "controls the present case. Although the controversy is no longer live as to appellant Sosna, it remains very much alive for the class of persons she has been certified to represent." *Sosna*, 419 U.S. at 400–01.

The "inherently transitory" doctrine is simply a strain of the capable-of-repetition doctrine as it is applied to a class-action claim. Comparing the application of the capable-of-repetition doctrine to individual claims highlights this similarity. For an individual claim to come within the capable-of-repetition exception, it must meet two requirements, the second of which is relevant here: "[T]here must be a *reasonable* expectation that the *same parties* will be

subjected to the same action again." *Wilson*, 822 F.3d at 951 (quoting *Appalachian Reg'l Healthcare, Inc. v. Coventry Health & Life Ins. Co.*, 714 F.3d 424, 430 (6th Cir. 2013)). For a claim brought on behalf of an individual alone, it makes sense to require that the same parties be subject to the same action for the claim to be capable of repetition. If the challenged action between the parties will not reasonably recur, then it is hard to say the action is capable of repetition. The same practical concern does not apply to a class action. In a class action that falls into the inherently transitory exception, a member of the class reasonably will be subjected to the same challenged action. That a member of the class will be subjected to the same challenged action guarantees the "capable of repetition" portion of the traditional doctrine. Even as the named-plaintiff's claim becomes moot—as is the nature with "inherently transitory" claims—the challenged action is nevertheless capable of repetition through a member of the class. Instead of the named-plaintiff's injuries ensuring repetition, the putative class fills the gap.

This doctrine makes sense in the context of Patton's claims. In essence, Patton argues that "[t]he biggest reason why mootness does not apply here is because if it did, then the type of wrongdoing alleged here could never be rectified." R. 35 (Response to Mots. to Dismiss Am. Compl. at 4) (Page ID #339). This is the same rationale articulated by the Supreme Court when it first applied the capable-of-repetition-yet-evading-review doctrine to the peculiar nature of class-action claims. In *Sosna*, the Court recognized that the traditional application of the "capable of repetition, yet evading review" did not apply neatly to Sosna's claims. 419 U.S. at 399–400. Even though Iowa "might not again enforce the Iowa durational residency requirement against appellant," the Court nevertheless held that the claims presented still were capable of repetition, yet evading review because "it is clear that they will enforce it against those persons in the class that appellant sought to represent and that the District Court certified." *Id.* at 400. "In this sense the case before us is one in which state officials will undoubtedly continue to enforce the challenged statute and yet, because of the passage of time, no single challenger will remain subject to its restrictions for the period necessary to see such a lawsuit to its conclusion." *Id.* Thus, "[t]he rationale of [a capable-of-repetition-yet-evading-review case] controls the present case." *Id.* at 401 (citing *Dunn v. Blumstein*, 405 U.S. 330, 333 n.2 (1972)). The same is true in *Gerstein*, where the Court applied the rationale of *Sosna* in the pretrial context:

> Pretrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted. The individual could nonetheless suffer repeated deprivations, and it is certain that other persons similarly situated will be detained under the allegedly unconstitutional procedures. The claim, in short, is one that is distinctly "capable of repetition, yet evading review."

*Gerstein*, 420 U.S. at 110 n.11.

In context, it is clear that the Court did not develop the "inherently transitory" exception out of whole cloth. Instead, it is the application of the capable-of-repetition doctrine to class-action claims. This logic neatly applies to Patton's claims. Just as for the plaintiff in *Gerstein*, Patton's time in pretrial detention under the source-hearing requirement was "by nature temporary" and so evaded review. *Id.* Yet, it may be "certain that other persons similarly situated will be detained under the allegedly unconstitutional procedures." *Id.* Patton's "claim, in short, is one that is distinctly 'capable of repetition, yet evading review.'" *Id.*

Indeed, other circuits have observed that whether a claim is "inherently transitory" speaks to whether it is capable of repetition yet evading review. *See, e.g.*, *Corrigan v. Boston Univ.*, 98 F.4th 346, 353 (1st Cir. 2024) (explaining that the "first element" of the "capable-of-repetition-yet-evading-review exception" is that "'the claims [must be] inherently transitory . . . .'" (quoting *Cruz v. Farquharson*, 252 F.3d 530, 535 (1st Cir. 2001))); *Belgau v. Inslee*, 975 F.3d 940, 949 (9th Cir. 2020) (explaining that "[s]uch an inherently transitory, pre-certification class-action claim falls within the 'capable of repetition yet evading review' mootness exception . . . ."); *but see Olson v. Brown*, 594 F.3d 577, 583 (7th Cir. 2010) (holding that the exceptions are "distinct"). In fact, our own circuit has recognized that "inherently transitory" claims are substantially similar to claims that are capable of repetition, yet evade review: "The class-action mootness exception for inherently transitory claims resembles the individual mootness exception for claims that are capable of repetition yet evading review. Both rest on the premise that some claims expire too quickly." *Fox*, 67 F.4th at 297.

In other words, the "inherently transitory" doctrine is the capable-of-repetition-yet-evading-review doctrine applied in the class-action context. In a class-action case, for a claim to be capable of repetition, it is not necessary for the named-plaintiff's claim to be capable of

repetition. This is because the named plaintiff "presents two separate issues for judicial resolution": "One is the claim on the merits; the other is the claim that he is entitled to represent a class." *Geraghty*, 445 U.S. at 402. Even if the named plaintiff has no continuing interest in their claim on the merits, they still have an interest in the claims of the class that they are entitled to represent. This is effectively a strain of the capable-of-repetition-yet-evading-review doctrine: a class-action plaintiff has an "inherently transitory" claim that evades review, and the challenged action is capable of repetition because there is a durable class that continues to suffer from the same harm.

In any event, even if Patton's claims were forfeited, we hear such arguments "in exceptional cases or particular circumstances, or when the rule would produce a plain miscarriage of justice." *Poss v. Morris* (*In re Morris*), 260 F.3d 654, 664 (6th Cir. 2001) (quoting *Pinney Dock & Transp. Co. v. Penn Central Corp.*, 838 F.2d 1445, 1461 (6th Cir. 1988)). "The *Pinney Dock* exception is most commonly applied where the issue is one of law, and further development of the record is unnecessary." *Jackson-Gibson*, 118 F.4th at 853 (quoting *McFarland*, 307 F.3d at 407); *accord Bryant v. Dollar Gen. Corp.*, 538 F.3d 394, 400 (6th Cir. 2008); *Semaan v. Allied Supermarkets, Inc.* (*In re Allied Supermarkets, Inc.*), 951 F.2d 718, 725 (6th Cir. 1991).

Patton's arguments concerning the "inherently transitory" exception fall into the *Pinney Dock* exception. Whether the "inherently transitory" exception to mootness applies to Patton's claims is purely a question of law and does not require any factual development to resolve. We need only apply the principles of the "inherently transitory" doctrine to the facts as alleged in Patton's complaint. Furthermore, the parties have fully briefed the doctrine before us. "Given that the issue before us is purely a question of law, which requires no further development of the record, we find that this issue presents an appropriate circumstance for exercising our discretion to reach an issue not raised below." *Lockhart v. Napolitano*, 573 F.3d 251, 261 (6th Cir. 2009). The similarities between the capable-of-repetition exception and the "inherently transitory" exception also support our application of the *Pinney Dock* exception.

For these reasons, we address the merits of the "inherently transitory" exception to Patton's claims.

**2. "Inherently Transitory" Exception**

We hold that Patton's claims fall within the "inherently transitory" exception to mootness for class-action claims.  Pre-trial detention is, by its very nature, transitory.  And, as other circuits have held, the filing of a class-action complaint is enough to save the claims from being mooted.  Furthermore, because the district court in this case repeatedly declined to set a date for the filing of a motion for class certification, it would be particularly harsh to dismiss Patton's claims for failing to file a motion for class certification.

"Courts have distilled from *Gerstein* two requirements for the 'inherently transitory' exception to apply:  (1) that the injury be so transitory that it would likely evade review by becoming moot before the district court can rule on class certification, and (2) that it is certain other class members are suffering the injury." *Wilson*, 822 F.3d at 945.

The first requirement is clearly met in light of *Gerstein*.  Pretrial detention is by its very nature temporary, such that claims brought on behalf of the detained are "inherently transitory." The second requirement is also met.  Patton has alleged that "[h]ere the precise size of the class is unknown, . . . [b]ut it is substantial, given that numerous (likely hundreds of) applicable arrests are made each year."  R. 20 (Am. Compl. ¶ 54) (Page ID #171).  Neither the State nor Local Defendants dispute that Patton's allegations satisfy the second prong of the "inherently transitory" exception.  Instead, Defendants argue that Patton's claims are ineligible for the exception for other reasons. *See, e.g.*, State Br. at 19–23.  We address these arguments in turn.

Defendants' primary argument against the application of the exception is that Patton never filed a motion for class certification. *See* State Br. at 19–20; Loc. Br. at 12–24.  We reject this argument for two reasons.  First, no binding caselaw requires that a plaintiff must file a motion for class certification in order to argue the "inherently transitory" exception.[1] *But see*

---

[1]Both Defendants cite *Brunet v. City of Columbus* for the proposition that a court *must* dismiss a class action if the named-plaintiff's claims become moot before certification.  1 F.3d 390, 399 (6th Cir. 1993); *see also* Loc. Defs. Br. at 17; State. Br. at 14–15.  Defendants' reliance on *Brunet* is unpersuasive.  For one, the case does not address the "inherently transitory" exception to the mootness doctrine in the class-action context. *See Brunet*, 1 F.3d at 399.  As our subsequent decision in *Unan v. Lyon* explains, "[a]lthough dismissal is ordinarily required when the named plaintiff's claim becomes moot *before* certification, we have recognized some exceptions to this general rule."  853 F.3d 279, 285 (6th Cir. 2017) (citing *Brunet*, 1 F.3d at 399; *Wilson*, 822 F.3d at 942).  One such

*Gawry v. Countrywide Home Loans, Inc.*, 395 F. App'x 152, 156 n.2 (6th Cir. 2010) ("[C]ourts of appeals have repeatedly refused to apply *Geraghty*'s relation back doctrine when the named plaintiff's individual claims became moot *before application for class certification*." (quoting *Lusadi v. Xerox Corp.*, 975 F.2d 964, 977 (3d Cir. 1992))).**²** In *Wilson*, we stated simply that the exception applies "when the named plaintiff's claims become moot *prior to class certification*." 822 F.3d at 944 (emphasis added). This is the case here. Patton's claims became moot prior to class certification. Applying the rule in this way makes sense given the rationale animating the "inherently transitory" exception. Because the claim is "inherently transitory," the named plaintiff for a putative class may be able to file a suit in time to have standing but may not have enough time to file a supported motion for class certification. In this scenario, under Defendants' proposed rule, the plaintiff would never get the opportunity to file a motion for class certification to preserve their claims from becoming moot.

Contrary to Defendants' assertions, other circuits recognize that the mootness exception for class-action claims can apply even where there is no pending motion for certification. For example, the Tenth Circuit, in the context of a separate exception to mootness, "conclude[d] that a nascent interest attaches to the proposed class *upon the filing of a class complaint* such that a rejected offer of judgment for statutory damages and costs made to a named plaintiff does not render the case moot under Article III." *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011) (emphasis added); *accord Richardson v. Bledsoe*, 829 F.3d 273, 283–86 (3d Cir. 2016); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090–92 (9th Cir. 2011). "The relation-back doctrine allows a named plaintiff whose individual claims are moot to represent class members not because the named plaintiff has moved to certify a class but because the named plaintiff will adequately present the class claims and unless the named plaintiff is allowed to do so the class claims will be capable of repetition, yet evading review." *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 707 (11th Cir. 2014). In reviewing Supreme Court

---

exception to that general rule is the "inherently transitory" exception. *Id.* The focus of this appeal is on that *exception* to the general rule, not the general rule itself.

**²**As explained below, not only has the Third Circuit now applied the relation-back doctrine to the filing of a class-action complaint, but also at least three other circuits have done so. *See Richardson v. Bledsoe*, 829 F.3d 273, 283–86 (3d Cir. 2016).

precedent on the exception, the D.C. Circuit held that "[t]he relation-back date depends on the case." *J.D. v. Azar*, 925 F.3d 1291, 1307–11 (D.C. Cir. 2019) (per curiam). "*Gerstein*, *Brady*, *McLaughlin* and *Preap* confirm that the relation-back doctrine requires us to analyze the 'practicalities and prudential considerations' of the class action under review." *Id.* at 1310 (quoting *Geraghty*, 445 U.S. at 404 n.11).**3** Thus, "[w]here a named plaintiff's claim is inherently transitory, and becomes moot prior to certification, a motion for certification may relate back to the filing of the complaint." *Id.* at 1308 (alteration in original) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 n.2 (2013)).

We adopt the well-reasoned position of our sibling circuits that the filing of a class-action complaint can serve as the prerequisite for arguing the "inherently transitory" exception for class-action claims. Because a motion for class certification may relate back to the filing of a complaint, Patton must be afforded the fair opportunity to litigate claims on behalf of the class whose interests he seeks to represent. This is because the named plaintiff has two sets of interests: "One is the claim on the merits; the other is the claim that he is entitled to represent a class." *Geraghty*, 445 U.S. at 402. Until the district court enters an order on class certification, Patton retains his interest in representing the putative class. Both of Patton's complaints—his initial and amended—asserted class-action allegations. Accordingly, he may appropriately argue that his claims fall within the "inherently transitory" exception to the mootness doctrine.

This leads us to a related ground on which Defendants oppose the exception, that Patton skewered his own claims by sitting on his right to file a motion for class certification. Defendants correctly point out that timing matters when applying the relation-back doctrine. We agree with the Third and Tenth Circuits that the application of "inherently transitory" doctrine must consider the named plaintiff's litigation strategy. "As *Lucero* noted, this mootness exception should apply only in situations where the mooting of the individual claim 'occurred at so early a point in litigation that the named plaintiff could not have been expected to file a class certification motion.'" *Richardson*, 829 F.3d at 286 (quoting *Lucero*, 639 F.3d at 1249)). Although we agree that timing matters, Defendants' arguments on the issue do not square with

---

**3***Gerstein v. Pugh*, 420 U.S. 103 (1975); *Swisher v. Brady*, 438 U.S. 204 (1978); *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991); *Nielsen v. Preap*, 586 U.S. 392 (2019) (plurality op.).

the record. The district court declined to set a date for the filing for a class-certification motion, and Patton should not have been required to file a placeholder motion simply to preserve his class-action claims.

As the district court's two case-management orders reflect, the district court "reserved" the date by which Patton was required to file a motion for class certification. This was despite the fact that on multiple occasions Patton and Defendants asked the district court to set a date for filing a motion for class certification. *See, e.g.*, R. 55-1 (Joint Proposed Second Modified Case Mgmt. Order at 4) (Page ID #460) ("Plaintiff must file a motion for class certification by no later than June 28, 2024."); R. 43 (Defs.' Proposed Second Case Mgmt. Order at 11) (Page ID #388) ("Plaintiff must file a motion for class certification by no later than May 22, 2024."). If the district court had adopted either of the deadlines proposed by the parties, then Patton would have had a motion for class certification pending by the date the district court entered the order dismissing the action on mootness grounds. Instead, the district court reserved setting a deadline by which Patton had to file a motion for class certification.

This serves to highlight the importance of the rule clarified today that a class-certification motion need not be pending for a class-action claimant to assert the "inherently transitory" exception to mootness. Were the case otherwise, plaintiffs would be forced to "file so-called 'placeholder' motions for class certification solely to prevent defendants from mooting the claims of would-be class representatives." *Richardson*, 829 F.3d at 284 (collecting cases). The problems posed by premature and meritless placeholder motions for class certification are not unknown in this circuit and others. *See Progressive Health & Rehab Corp. v. Strategy Anesthesia, LLC*, 271 F. Supp. 3d 941, 949–50 (S.D. Ohio 2017); *see also Church v. Accretive Health, Inc.*, 299 F.R.D. 676, 679 (S.D. Ala. 2014) ("The court file is burdened with an obviously premature Rule 23 Motion that is devoid of content. . . . Yet plaintiff advocates a system in which litigants race to the courthouse to file empty, placeholder motions that may or may not ever be litigated . . . ."); *Richardson*, 829 F.3d at 284; *Smith v. Interline Brands, Inc.*, 87 F. Supp. 3d 701, 703 (D.N.J. 2014) ("To permit such a placeholder motion would also seem contrary to the spirit of [Fed. R. Civ. P.] 11(b) . . . ."). There are good, practical reasons for the rules clarified today. Forcing plaintiffs to file premature motions for class certification serves to

strain judicial resources, tax a court's economy, and force litigants and counsel to engage in pretense.

Finally, we reject Defendants' remaining arguments against applying the exception. *See* State Br. at 21–23. Whether Patton cannot serve as a named plaintiff goes to the merits of class certification. Whether the relief sought by Patton is properly the subject of a § 1983 motion or a habeas application is irrelevant to our considerations herein. These arguments are best left for the district court to address in the first instance on remand.

## IV. CONCLUSION

For these reasons, we **REVERSE** and **REMAND** for further proceedings consistent with this opinion.